# EXHIBIT B

Case: 3:23-cv-00483-PPS-MGG    document 1-2    filed 03/02/23    page 2 of 74

FILED DATE: 2/3/2023 2:11 PM    2023L001159

FILED
2/3/2023 2:11 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023L001159
Calendar, D
21332106

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| DONNA TIRVA as Independent Administrator of the Estate of JACQUELINE LUCZAK, deceased, DONNA TIRVA and LEO TIRVA, as Parents and Next Friends of DELILAH TIRVA, a minor, DONNA TIRVA, Individually, and LENA TIRVA, Individually, and each of them<br><br>Plaintiffs,<br><br>v.<br><br>HILTON SPENCERPORT EXPRESS, INC. a New York Corporation; ARRIVE LOGISTICS, LLC, a Texas Corporation; THOMAS COLE, a New York resident, Individually and as employee, agent, and/or servant of HILTON SPENCERPORT EXPRESS, INC. and ARRIVE LOGISTICS, LLC, CHASEN THOMPSON, a New York resident, Individually, and as employee, agent, and/or servant of HILTON SPENCERPORT EXPRESS, INC., ARRIVE LOGISTICS, LLC, and GRAPHIC PACKAGING INTERNATIONAL, LLC and GRAPHIC PACKAGING INTERNATIONAL, LLC, Individually, and each of them,<br><br>Defendants. | No. |

## COMPLAINT AT LAW

NOW COME the Plaintiffs, DONNA TIRVA, as Independent Administrator of the Estate

of JACQUELINE LUCZAK, deceased, DONNA TIRVA and LEO TIRVA, as Parents and Next

Friends of DELILAH TIRVA, a minor, DONNA TIRVA, Individually and LENA TIRVA,

Individually, and each of them, by and through their attorneys, COSTELLO, MCMAHON,

GILBRETH & MURPHY, LTD., and complaining of Defendants, HILTON SPENCERPORT

EXPRESS, INC., a New York Corporation, ARRIVE LOGISTICS, LLC, a Texas Corporation,

THOMAS COLE, Individually, and as employee, agent, and/or servant of HILTON SPENCERPORT EXPRESS, INC. and ARRIVE LOGISTICS, LLC, CHASEN THOMPSON, Individually, and as employee, agent, and/or servant of HILTON SPENCERPORT EXPRESS, INC., ARRIVE LOGISTICS, LLC and GRAPHIC PACKAGING INTERNATIONAL, LLC, and GRAPHIC PACKAGING INTERNATIONAL, LLC., Individually, a Georgia Corporation, and each of them, state as follows.

### *COUNT I – Negligence – Hilton Spencerport Express, Thomas Cole- Estate of Luczak*

1.  At all times relevant herein, Defendant, HILTON SPENCERPORT EXPRESS, INC., (hereinafter "Hilton") was and is an interstate trucking company with its principal place of business in Kendall, New York.

2.  Upon information and belief, Hilton had entered into and was working pursuant to an agreement with ARRIVE LOGISTICS, LLC, (hereinafter "Arrive"), for the mutual benefit of Hilton and Arrive.

3.  Upon information and belief, Defendant, THOMAS COLE (hereinafter "Cole"), was the business owner of Defendant, Hilton.

4.  At all times relevant herein, Defendant, CHASEN THOMPSON, (hereinafter "Thompson"), was a professional truck driver and a resident of the Town of Hamlin, County of Monroe, State of New York.

5.  At all times relevant herein, Defendant, Thompson, was an employee, agent, apparent agent, and/or servant of Defendants, Hilton and Cole.

6.  On June 1, 2022, Plaintiff's decedent, JACQUELINE LUCZAK, (hereinafter "Ms. Luczak"), was a passenger in a vehicle traveling eastbound on Indiana Toll Road I-80.

7.  On June 1, 2022, Thompson was operating a tractor-trailer traveling eastbound on Indiana

FILED DATE: 2/3/2023 2:11 PM   2023L001159

FILED DATE: 2/3/2023 2:11 PM   2023L001159

Toll Road I-80.

8. On June 1, 2022, Thompson was operating under Hilton's motor carrier operating authority and displayed its logo and U.S. DOT Number 26458.

9. On and before June 1, 2022, Hilton was subject to the Federal Motor Carrier Safety Regulations (hereinafter "FMCSRs") and owed Ms. Luczak, and others on the roadway, a duty to use reasonable care in the hiring, training, retention, and/or supervision of the drivers chosen to operate it.

10. At all times relevant herein, there was in full force and effect Parts 382, 383, 384, 390, 391, 392, and 396 of the FCMSRs.

11. On June 1, 2022, Defendants, Hilton and Cole breached the foregoing duties and was negligent in one or more of the following ways, *inter alia*:

   a. Hilton and Cole did not require Thompson to comply with the duties and prohibitions of driver regulations in violation of Part 390 of FCMSRs;
   b. Hilton and Cole operated without adequate safety management controls;
   c. Hilton and Cole required Thompson to operate its tractor trailer while said driver's ability or alertness was so impaired as to make it unsafe for him to continue to operate it in violation of Part 392 of the FCMSRs;
   d. Hilton and Cole did not adequately train Thompson when reasonable training would have equipped Thompson with the knowledge and skill to operate and maintain the tractor trailer in a reasonably prudent manner in violation of Part 391 of the FCMSRs.
   e. Hilton and Cole did not train Thompson on defensive driving techniques, including proper space management;
   f. Hilton and Cole did not conduct or require pre-trip inspections of its vehicle as required by Part 396 of the FCMSRs;
   g. Hilton and Cole aided and abetted Thompson's violations of the FCMSRs; and
   h. Hilton and Cole failed to use the same care and caution that a reasonably prudent person would have exercised under the same or substantially similar circumstances all in violation of 382, 383, 384, 390, 391, 392, and 396 of FCMSRs.

12. As a direct and proximate result of Defendants, Hilton and Cole's negligence, the vehicle Ms. Luczak was a passenger in was violently crashed into from the rear when the driver was

FILED DATE: 2/3/2023 2:11 PM   2023L001159

lawfully stopped in traffic.

13. As a direct and proximate result of one or more of the foregoing acts and/or omissions, Ms. Luczak died on June 1, 2022.

14. Jacqueline Luczak, deceased, left as her surviving heirs, her children, Daniel Luczak, Mark Luczak, Jennifer Payagmis, and Donna Tirva, all of whom have suffered pecuniary loss by reason of said death and the loss of said decedent's society. The surviving heirs reside in County of Cook, State of Illinois and County of Cuyahoga, State of Ohio.

15. Donna Tirva has been appointed Independent Administrator of the Estate of Jacqueline Luczak, deceased, pursuant to an order entered by the Circuit Court of Cook County, Illinois. A copy of said order is attached hereto as Exhibit "A".

16. This action is brought pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1, et seq.

WHEREFORE, Plaintiff, DONNA TIRVA, as Independent Administrator of the Estate of Jacqueline Luczak, deceased, respectfully requests judgment against Defendants, HILTON SPENCERPORT EXPRESS, INC. AND THOMAS COLE, and each of them, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus all costs associated with this case, and any other relief this Court deems just.

### *COUNT II – Agency – Chasen Thompson,*
### *Hilton Spencerport Express, Inc.- Estate of Luczak*

1. At all times relevant herein, Defendant, CHASEN THOMPSON, (hereinafter "Thompson"), was a professional truck driver and a resident of the Town of Hamlin, County of Monroe, State of New York.

2. On June 1, 2022, Plaintiff's decedent, JACQUELINE LUCZAK, (hereinafter "Ms. Luczak"), was a passenger in a vehicle traveling eastbound on Indiana Toll Road I-80.

FILED DATE: 2/3/2023 2:11 PM   2023L001159

3.  On June 1, 2022, Thompson was operating a tractor-trailer traveling eastbound on Indiana Toll Road I-80.

4.  At all times relevant herein, Defendant, Thompson, was an agent, apparent agent, servant, and/or employee for the Defendant, Hilton, who owned the tractor trailer operated by Defendant Thompson.

5.  On June 1, 2022, Thompson was operating under Hilton's motor carrier operating authority and displayed its logo and U.S. DOT Number 26458.

6.  On and before June 1, 2022, Thompson was subject to the Federal Motor Carrier Safety Regulations (hereinafter "FMCSRs") and owed Ms. Luczak, and others on the roadway, a duty to use reasonable care in the operation of the tractor-trailer he was driving.

7.  On June 1, 2022, Defendant, Thompson breached the foregoing duties and was then and there guilty of one or more of the following negligent acts and/or omissions, *inter alia*:

    a.  Thompson drove his tractor-trailer at a speed which was greater than reasonable and proper;
    b.  Thompson failed to keep a proper lookout for other vehicles upon the roadway;
    c.  Thompson operated the tractor-trailer while distracted;
    d.  Thompson did not maintain control over his tractor-trailer so as to avoid colliding with other vehicles;
    e.  Thompson operated his tractor trailer at an unreasonable speed given the extant road and traffic conditions;
    f.  Thompson failed to timely apply his brakes;
    g.  Thompson failed to take evasive maneuvers to avoid a collision; and
    h.  Thompson failed to exercise the same care and caution that a reasonable prudent person would have exercise under the same or substantially same circumstances.

8.  As a direct and proximate result of Defendant, Thompson's negligence, the vehicle Ms. Luczak was a passenger in was violently crashed into from the rear when the driver was lawfully stopped in traffic.

9.  As a direct and proximate result of one or more of the foregoing acts and/or omissions, Ms.

FILED DATE: 2/3/2023 2:11 PM   2023L001159

Luczak died on June 1, 2022.

10. Jacqueline Luczak, deceased, left as her surviving heirs, her children, Daniel Luczak, Mark Luczak, Jennifer Payagmis, and Donna Tirva, all of whom have suffered pecuniary loss by reason of said death and the loss of said decedent's society. The surviving heirs reside in County of Cook, State of Illinois and County of Cuyahoga, State of Ohio.

11. At the time of the foregoing collision on June 1, 2022, and at all times relevant herein, Thompson was subject to Hilton's control, acting pursuant to its directions and commands, and utilizing Hilton's operating authority and equipment, including the tractor-trailer displaying Hilton's logos, for Hilton's pecuniary benefit. Hilton is therefore vicariously liable for Thompson's negligence.

12. Donna Tirva has been appointed Independent Administrator of the Estate of Jacqueline Luczak, deceased, pursuant to an order entered by the Circuit Court of Cook County, Illinois. A copy of said order is attached hereto as Exhibit "A".

13. This action is brought pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1, et seq.

WHEREFORE, Plaintiff, DONNA TIRVA, as Independent Administrator of the Estate of Jacqueline Luczak, deceased, respectfully requests judgment against Defendants, CHASEN THOMPSON and HILTON SPENCERPORT EXPRESS, INC., and each of them, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus all costs associated with this case, and any other relief this Court deems just.

### *COUNT III – Negligent Retention, Hiring, and Entrustment –*
### *Thomas Cole, Hilton Spencerport Express, Inc.- Estate of Luczak*

1. At all times relevant herein, Defendant, Hilton was and is an interstate trucking company with its principal place of business in Kendall, New York.

FILED DATE: 2/3/2023 2:11 PM   2023L001159

2. Upon information and belief, Defendant, Cole, was the business owner of Defendant Hilton.

3. At all times relevant herein, Defendant, Thompson, was a professional truck driver and a resident of the Town of Hamlin, County of Monroe, State of New York.

4. At all times relevant herein, Defendant, Thompson, was an employee, agent, apparent agent, and/or servant of Defendant, Hilton.

5. At all times relevant herein, Defendants, Hilton and Cole, had a duty to exercise reasonable care to retain an employee who was competent and/or fit to perform the duties required of a professional truck driver.

6. At all times relevant herein, Defendants, Hilton and Cole, knew or should have known that the Defendant, Thompson, was an unsafe driver engaged in unsafe driving practices and was not competent or fit for the duties required of him as a professional truck driver.

7. At all times relevant herein, Defendants, Hilton and Cole, breached their duty of responsible care to retain, hire, and entrust the tractor trailer to an employee that was competent and/or fit for the position.

8. On June 1, 2022, Defendant, Thompson, as employee, agent, apparent agent, and/or servant of Defendants, Hilton and Cole, breached the foregoing duties and was then and there guilty of one or more of the following negligent acts and/or omissions, *inter alia*:

   a. Thompson drove his tractor-trailer at a speed which was greater than reasonable and proper;
   b. Thompson failed to keep a proper lookout for other vehicles upon the roadway;
   c. Thompson operated the tractor-trailer while distracted;
   d. Thompson did not maintain control over his tractor-trailer so as to avoid colliding with other vehicles;
   e. Thompson operated his tractor trailer at an unreasonable speed given the extant road and traffic conditions;
   f. Thompson failed to timely apply his brakes;
   g. Thompson failed to take evasive maneuvers to avoid a collision; and
   h. Thompson failed to exercise the same care and caution that a reasonable prudent

FILED DATE: 2/3/2023 2:11 PM   2023L001159

person would have exercise under the same or substantially same circumstances.

9. As a direct and proximate result of Defendant, Thompson's negligence, the vehicle Ms. Luczak was a passenger in was violently crashed into from the rear when the driver was lawfully stopped in traffic.

10. As a direct and proximate result of one or more of the foregoing acts and/or omissions of the Defendant, Thompson, Ms. Luczak died on June 1, 2022.

11. Accordingly, Defendants, Hilton and Cole, are liable for the aforementioned negligent conduct and the aforementioned damages to Plaintiff's decedent, directly and proximately caused by said negligent conduct.

12. Jacqueline Luczak, deceased, left as her surviving heirs, her children, Daniel Luczak, Mark Luczak, Jennifer Payagmis, and Donna Tirva, all of whom have suffered pecuniary loss by reason of said death and the loss of said decedent's society. The surviving heirs reside in County of Cook, State of Illinois and County of Cuyahoga, State of Ohio.

13. Donna Tirva has been appointed Independent Administrator of the Estate of Jacqueline Luczak, deceased, pursuant to an order entered by the Circuit Court of Cook County, Illinois. A copy of said order is attached hereto as Exhibit "A".

14. This action is brought pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1, et seq.

WHEREFORE, Plaintiff, DONNA TIRVA as Independent Administrator of the Estate of Jacqueline Luczak, deceased, respectfully requests judgment against Defendants, HILTON SPENCERPORT EXPRESS, INC. AND THOMAS COLE, and each of them, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus all costs associated with this case, and any other relief this Court deems just.

### COUNT IV – Negligence – Arrive Logistics, LLC- Estate of Luczak

FILED DATE: 2/3/2023 2:11 PM   2023L001159

1. At all times relevant herein, Arrive was and is a multimodal transportation and technology company headquartered in Austin, Texas and operating from and within the City of Chicago, County of Cook, State of Illinois.

2. At all times relevant herein, Thompson was a professional truck driver and a resident of the Town of Hamlin, County of Monroe, State of New York.

3. Upon information and belief Defendant, Arrive, had entered into and was working pursuant to an agreement with Hilton for the mutual benefit of Arrive and Hilton.

4. On June 1, 2022, Plaintiff's decedent, JACQUELINE LUCZAK, (hereinafter "Ms. Luczak"), was a passenger in a vehicle traveling eastbound on Indiana Toll Road I-80.

5. On June 1, 2022, Thompson was operating a tractor-trailer traveling eastbound on Indiana Toll Road I-80.

6. At all times relevant herein, Defendant, Thompson, was an employee, agent, apparent agent, and/or servant of Defendants, Hilton and Arrive.

7. On June 1, 2022, Thompson was operating the tractor trailer under Hilton's motor carrier operating authority for the mutual benefit of Hilton and Arrive.

8. On and before June 1, 2022, Arrive was subject to the FMCSRs and owed Ms. Luczak, and others on the roadway, a duty to use reasonable care in the hiring, training, retention, and/or supervision of the drivers chosen to operate it.

9. At all times relevant herein, there was in full force and effect, Parts 382, 383, 384, 390, 391, 392, and 396 of the FMCSRs.

10. On June 1, 2022, Defendant, Arrive, breached the foregoing duties and was negligent in one or more of the following respects, *inter alia*:

    a. Arrive did not require Thompson to comply with the duties and prohibitions of driver

FILED DATE: 2/3/2023 2:11 PM   2023L001159

regulations in violation of Part 390 of FCMSRs;

b.  Arrive operated without adequate safety management controls;

c.  Arrive required Thompson to operate its tractor trailer while said driver's ability or alertness was so impaired as to make it unsafe for him to continue to operate it in violation of Part 392 of the FCMSRs;

d.  Arrive did not adequately train Thompson when reasonable training would have equipped Thompson with the knowledge and skill to operate and maintain the tractor trailer in a reasonably prudent manner in violation of Part 391 of the FCMSRs;

e.  Arrive did not train Thompson on defensive driving techniques, including proper space management;

f.  Arrive did not conduct or require pre-trip inspections of its vehicle as required by Part 396 of the FCMSRs;

g.  Arrive aided and abetted Thompson's violations of the FCMSRs; and

h.  Arrive failed to use the same care and caution that a reasonably prudent person would have exercised under the same or substantially similar circumstances all in violation of 382, 383, 384, 390, 391, 392, and 396 of FCMSRs.

11. As a direct and proximate result of Defendant, Arrive's negligence, the vehicle Ms. Luczak was a passenger in was violently crashed into from the rear when the driver was lawfully stopped in traffic.

12. As a direct and proximate result of one or more of the foregoing acts and/or omissions, Ms. Luczak died on June 1, 2022.

13. Jacqueline Luczak, deceased, left as her surviving heirs, her children, Daniel Luczak, Mark Luczak, Jennifer Payagmis, and Donna Tirva, all of whom have suffered pecuniary loss by reason of said death and the loss of said decedent's society. The surviving heirs reside in County of Cook, State of Illinois and County of Cuyahoga, State of Ohio.

14. Donna Tirva has been appointed Independent Administrator of the Estate of Jacqueline Luczak, deceased, pursuant to an order entered by the Circuit Court of Cook County, Illinois. A copy of said order is attached hereto as Exhibit "A".

15. This action is brought pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1, et seq.

WHEREFORE, Plaintiff, DONNA TIRVA, as Independent Administrator of the Estate of

FILED DATE: 2/3/2023 2:11 PM   2023L001159

Jacqueline Luczak, deceased, respectfully requests judgment against Defendant, ARRIVE LOGISTICS, LLC, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus all costs associated with this case, and any other relief this Court deems just.

### COUNT V – Agency – Chasen Thompson, Arrive Logistics, LLC- Estate of Luczak

1. At all times relevant herein, Defendant, Arrive was and is a multimodal transportation and technology company headquartered in Austin, Texas and operating from and within the City of Chicago, County of Cook, State of Illinois.

2. At all times relevant herein, Thompson was a professional truck driver and a resident of the Town of Hamlin, County of Monroe, State of New York.

3. On June 1, 2022, Plaintiff's decedent, JACQUELINE LUCZAK, (hereinafter "Ms. Luczak"), was a passenger in a vehicle traveling eastbound on Indiana Toll Road I-80.

4. On June 1, 2022, Thompson was operating a tractor-trailer traveling eastbound on Indiana Toll Road I-80.

5. At all times relevant herein, Defendant, Thompson, was an employee, agent, apparent agent, and/or servant of Defendants, Hilton and Arrive.

6. On and before June 1, 2022, Thompson was subject to the Federal Motor Carrier Safety Regulations (hereinafter "FMCSRs") and owed Ms. Luczak, and others on the roadway, a duty to use reasonable care in the operation of the tractor-trailer he was driving.

7. On June 1, 2022, Defendant, Thompson breached the foregoing duty and was negligent in one or more of the following respects, *inter alia*:

   a. Thompson drove his tractor-trailer at a speed which was greater than reasonable and proper;
   b. Thompson failed to keep a proper lookout for other vehicles upon the roadway;
   c. Thompson operated the tractor-trailer while distracted;
   d. Thompson did not maintain control over his tractor-trailer so as to avoid colliding

11

FILED DATE: 2/3/2023 2:11 PM   2023L001159

with other vehicles;

    e.   Thompson operated his tractor trailer at an unreasonable speed given the extant road and traffic conditions;

    f.   Thompson failed to timely apply his brakes;

    g.   Thompson failed to take evasive maneuvers to avoid a collision; and

    h.   Thompson failed to exercise the same care and caution that a reasonable prudent person would have exercise under the same or substantially same circumstances.

8.   As a direct and proximate result of Defendant, Thompson's negligence, the vehicle Ms. Luczak was a passenger in was violently crashed into from the rear when the driver was lawfully stopped in traffic.

9.   As a direct and proximate result of one or more of the foregoing acts and/or omissions, Ms. Luczak died on June 1, 2022.

10.  Jacqueline Luczak, deceased, left as her surviving heirs, her children, Daniel Luczak, Mark Luczak, Jennifer Payagmis, and Donna Tirva, all of whom have suffered pecuniary loss by reason of said death and the loss of said decedent's society. The surviving heirs reside in County of Cook, State of Illinois and County of Cuyahoga, State of Ohio.

11.  At the time of the foregoing collision on June 1, 2022, and at all times relevant herein, Thompson was subject to Arrive's control, acting pursuant to its directions and commands, and utilizing Hilton's operating authority and equipment, including the tractor-trailer displaying Hilton's logos, for the joint pecuniary benefit of Hilton and Arrive; Arrive is therefore vicariously liable for Thompson's negligence.

12.  Donna Tirva has been appointed Independent Administrator of the Estate of Jacqueline Luczak, deceased, pursuant to an order entered by the Circuit Court of Cook County, Illinois. A copy of said order is attached hereto as Exhibit "A".

13.  This action is brought pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1, et seq.

    WHEREFORE, Plaintiff, DONNA TIRVA, as Independent Administrator of the Estate of

FILED DATE: 2/3/2023 2:11 PM   2023L001159

Jacqueline Luczak, deceased, respectfully requests judgment against Defendants, CHASEN THOMPSON and ARRIVE LOGISTICS, LLC, and each of them,  in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus all costs associated with this case, and any other relief this Court deems just.

### *COUNT VI – Negligence – Chasen Thompson- Estate of Luczak*

1. At all times relevant herein, Defendant, Hilton was and is an interstate trucking company with its principal place of business in Kendall, New York.

2. At all times relevant herein, Defendant, Thompson, was a professional truck driver and a resident of the Town of Hamlin, County of Monroe, State of New York.

3. At all times relevant herein, Defendant, Thompson, was an employee, agent, apparent agent, and/or servant of Defendant, Hilton.

4. On June 1, 2022, Plaintiff's decedent, JACQUELINE LUCZAK, (hereinafter "Ms. Luczak"), was a passenger in a vehicle traveling eastbound on Indiana Toll Road I-80.

5. On June 1, 2022, Thompson was operating a tractor-trailer traveling eastbound on Indiana Toll Road I-80.

6. On June 1, 2022, Defendant, Thompson, as employee, agent, apparent agent and/or servant of Defendant, Hilton, breached the foregoing duties and was then and there guilty of one or more of the following negligent acts and/or omissions, *inter alia*:

   a. Thompson drove his tractor-trailer at a speed which was greater than reasonable and proper;
   b. Thompson failed to keep a proper lookout for other vehicles upon the roadway;
   c. Thompson operated the tractor-trailer while distracted;
   d. Thompson did not maintain control over his tractor-trailer so as to avoid colliding with other vehicles;
   e. Thompson operated his tractor trailer at an unreasonable speed given the extant road and traffic conditions;
   f. Thompson failed to timely apply his brakes;

13

FILED DATE: 2/3/2023 2:11 PM   2023L001159

g.  Thompson failed to take evasive maneuvers to avoid a collision; and

h.  Thompson failed to exercise the same care and caution that a reasonable prudent person would have exercise under the same or substantially same circumstances.

7.  As a direct and proximate result of Defendant, Thompson's negligence, the vehicle Ms. Luczak was a passenger in was violently crashed into from the rear when the driver was lawfully stopped in traffic.

8.  As a direct and proximate result of one or more of the foregoing acts and/or omissions of the Defendant, Thompson, Ms. Luczak died on June 1, 2022.

9.  Jacqueline Luczak, deceased, left as her surviving heirs, her children, Daniel Luczak, Mark Luczak, Jennifer Payagmis, and Donna Tirva, all of whom have suffered pecuniary loss by reason of said death and the loss of said decedent's society. The surviving heirs reside in County of Cook, State of Illinois and County of Cuyahoga, State of Ohio.

10. Donna Tirva has been appointed Independent Administrator of the Estate of Jacqueline Luczak, deceased, pursuant to an order entered by the Circuit Court of Cook County, Illinois. A copy of said order is attached hereto as Exhibit "A".

11. This action is brought pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1, et seq.

WHEREFORE, Plaintiff, DONNA TIRVA, as Independent Administrator of the Estate of Jacqueline Luczak, deceased, respectfully requests judgment against Defendant, CHASEN THOMPSON, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus all costs associated with this case, and any other relief this Court deems just.

### *COUNT VII – Negligence – Graphic Packaging International, LLC- Estate of Luczak*

1.  At all time relevant herein, Defendant, GRAPHIC PACKAGING INTERNATIONAL, LLC., (hereinafter "Graphic") was and is a provider of paper-based packaging solutions headquartered in Atlanta, Georgia, and operating from and within the City of Chicago,

14

FILED DATE: 2/3/2023 2:11 PM   2023L001159

County of Cook and State of Illinois.

2. At all times relevant herein, Arrive was and is a multimodal transportation and technology company headquartered in Austin, Texas and operating from and within the City of Chicago, County of Cook, State of Illinois.

3. At all times relevant herein, Thompson was a professional truck driver and a resident of the Town of Hamlin, County of Monroe, State of New York.

4. Upon information and belief  Defendants, Graphic and Arrive, had entered into and were working pursuant to an agreement with Hilton for the mutual benefit of Graphic, Arrive and Hilton.

5. On June 1, 2022, Plaintiff's decedent, JACQUELINE LUCZAK, (hereinafter "Ms. Luczak"), was a passenger in a vehicle traveling eastbound on Indiana Toll Road I-80.

6. On June 1, 2022, Thompson was operating a tractor-trailer traveling eastbound on Indiana Toll Road I-80.

7. At all times relevant herein, Defendant, Thompson, was an employee, agent, apparent agent, and/or servant of Defendants, Hilton, Arrive and Graphic.

8. On June 1, 2022, Thompson was operating the tractor trailer under Hilton's motor carrier operating authority for the mutual benefit of Hilton, Arrive and Graphic.

9. On and before June 1, 2022, Graphic was subject to the FMCSRs and owed Ms. Luczak, and others on the roadway, a duty to use reasonable care in the hiring, training, retention, and/or supervision of the drivers chosen to operate it.

10. At all times relevant herein, there was in full force and effect, Parts 382, 383, 384, 390, 391, 392, and 396  of the FMCSRs.

11. On June 1, 2022, Defendant, Graphic, breached the foregoing duties and was negligent in

15

FILED DATE: 2/3/2023 2:11 PM   2023L001159

one or more of the following respects, *inter alia*:

    a. Graphic did not require Thompson to comply with the duties and prohibitions of driver regulations in violation of Part 390 of FCMSRs;

    b. Graphic operated without adequate safety management controls;

    c. Graphic required Thompson to operate its tractor trailer while said driver's ability or alertness was so impaired as to make it unsafe for him to continue to operate it in violation of Part 392 of the FCMSRs;

    d. Graphic did not adequately train Thompson when reasonable training would have equipped Thompson with the knowledge and skill to operate and maintain the tractor trailer in a reasonably prudent manner in violation of Part 391 of the FCMSRs;

    e. Graphic did not train Thompson on defensive driving techniques, including proper space management;

    f. Graphic did not conduct or require pre-trip inspections of its vehicle as required by Part 396 of the FCMSRs;

    g. Graphic aided and abetted Thompson's violations of the FCMSRs; and

    h. Graphic failed to use the same care and caution that a reasonably prudent person would have exercised under the same or substantially similar circumstances all in violation of 382, 383, 384, 390, 391, 392, and 396 of FCMSRs.

12. As a direct and proximate result of Defendant, Graphic's negligence, the vehicle Ms. Luczak was a passenger in was violently crashed into from the rear when the driver was lawfully stopped in traffic.

13. As a direct and proximate result of one or more of the foregoing acts and/or omissions, Ms. Luczak died on June 1, 2022.

14. Jacqueline Luczak, deceased, left as her surviving heirs, her children, Daniel Luczak, Mark Luczak, Jennifer Payagmis, and Donna Tirva, all of whom have suffered pecuniary loss by reason of said death and the loss of said decedent's society. The surviving heirs reside in County of Cook, State of Illinois and County of Cuyahoga, State of Ohio.

15. Donna Tirva has been appointed Independent Administrator of the Estate of Jacqueline Luczak, deceased, pursuant to an order entered by the Circuit Court of Cook County, Illinois.  A copy of said order is attached hereto as Exhibit "A".

FILED DATE: 2/3/2023 2:11 PM   2023L001159

16. This action is brought pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1, et seq.

WHEREFORE, Plaintiff, DONNA TIRVA, as Independent Administrator of the Estate of Jacqueline Luczak, deceased, respectfully requests judgment against Defendant, GRAPHIC PACKAGING INTERNATIONAL, LLC, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus all costs associated with this case, and any other relief this Court deems just.

### COUNT VIII – Agency – Chasen Thompson, Graphic Packaging International, LLC- Estate of Luczak

1. At all time relevant herein, Defendant, Graphic, was and is a provider of paper-based packaging solutions headquartered in Atlanta, Georgia, and operating from and within the City of Chicago, County of Cook and State of Illinois.

2. At all times relevant herein, Defendant, Arrive was and is a multimodal transportation and technology company headquartered in Austin, Texas and operating from and within the City of Chicago, County of Cook, State of Illinois.

3. At all times relevant herein, Thompson was a professional truck driver and a resident of the Town of Hamlin, County of Monroe, State of New York.

4. On June 1, 2022, Plaintiff's decedent, JACQUELINE LUCZAK, (hereinafter "Ms. Luczak"), was a passenger in a vehicle traveling eastbound on Indiana Toll Road I-80.

5. At all times relevant herein, Defendant, Thompson, was an employee, agent, apparent agent, and/or servant of Defendants, Hilton, Arrive and Graphic.

6. On June 1, 2022, Thompson was operating a tractor-trailer traveling eastbound on Indiana Toll Road I-80.

17

FILED DATE: 2/3/2023 2:11 PM    2023L001159

7. On and before June 1, 2022, Thompson was subject to the Federal Motor Carrier Safety Regulations (hereinafter "FMCSRs") and owed Ms. Luczak, and others on the roadway, a duty to use reasonable care in the operation of the tractor-trailer he was driving.

8. On June 1, 2022, Defendant, Thompson breached the foregoing duty and was negligent in one or more of the following respects, *inter alia*:

   a. Thompson drove his tractor-trailer at a speed which was greater than reasonable and proper;
   b. Thompson failed to keep a proper lookout for other vehicles upon the roadway;
   c. Thompson operated the tractor-trailer while distracted;
   d. Thompson did not maintain control over his tractor-trailer so as to avoid colliding with other vehicles;
   e. Thompson operated his tractor trailer at an unreasonable speed given the extant road and traffic conditions;
   f. Thompson failed to timely apply his brakes;
   g. Thompson failed to take evasive maneuvers to avoid a collision; and
   h. Thompson failed to exercise the same care and caution that a reasonable prudent person would have exercise under the same or substantially same circumstances.

9. As a direct and proximate result of Defendant, Thompson's negligence, the vehicle Ms. Luczak was a passenger in was violently crashed into from the rear when the driver was lawfully stopped in traffic.

10. As a direct and proximate result of one or more of the foregoing acts and/or omissions, Ms. Luczak died on June 1, 2022.

11. Jacqueline Luczak, deceased, left as her surviving heirs, her children, Daniel Luczak, Mark Luczak, Jennifer Payagmis, and Donna Tirva, all of whom have suffered pecuniary loss by reason of said death and the loss of said decedent's society. The surviving heirs reside in County of Cook, State of Illinois and County of Cuyahoga, State of Ohio.

12. At the time of the foregoing collision on June 1, 2022, and at all times relevant herein, Thompson was subject to Graphic's control, acting pursuant to its directions and commands,

FILED DATE: 2/3/2023 2:11 PM   2023L001159

and utilizing Hilton and Arrive's operating authority and equipment, including the tractor-trailer displaying Hilton's logos, for the joint pecuniary benefit of Hilton, Arrive and Graphic; Graphic is therefore vicariously liable for Thompson's negligence.

13. Donna Tirva has been appointed Independent Administrator of the Estate of Jacqueline Luczak, deceased, pursuant to an order entered by the Circuit Court of Cook County, Illinois. A copy of said order is attached hereto as Exhibit "A".

14. This action is brought pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1, et seq.

WHEREFORE, Plaintiff, DONNA TIRVA, as Independent Administrator of the Estate of Jacqueline Luczak, deceased, respectfully requests judgment against Defendants, CHASEN THOMPSON and GRAPHIC PACKAGING INTERNATIONAL, LLC, ane each of them, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus all costs associated with this case, and any other relief this Court deems just.

### COUNT IX – Negligence – Hilton Spencerport Express, Thomas Cole- Delilah Tirva, a minor

1. At all times relevant herein, Defendant, HILTON SPENCERPORT EXPRESS, INC., (hereinafter "Hilton") was and is an interstate trucking company with its principal place of business in Kendall, New York.

2. Upon information and belief, Hilton had entered into and was working pursuant to an agreement with ARRIVE LOGISTICS, LLC, (hereinafter "Arrive"), for the mutual benefit of Hilton and Arrive.

3. Upon information and belief, Defendant, THOMAS COLE (hereinafter "Cole"), was the business owner of Defendant Hilton.

4. At all times relevant herein, Defendant, CHASEN THOMPSON, (hereinafter "Thompson"),

FILED DATE: 2/3/2023 2:11 PM   2023L001159

was a professional truck driver and a resident of the Town of Hamlin, County of Monroe, State of New York.

5.  At all times relevant herein, Defendant, Thompson, was an employee, agent, apparent agent, and/or servant of Defendants, Hilton and Cole.

6.  On June 1, 2022, minor Plaintiff, DELILAH TIRVA, (hereinafter "Delilah"), was a passenger in a vehicle traveling eastbound on Indiana Toll Road I-80.

7.  On June 1, 2022, Thompson was operating a tractor-trailer traveling eastbound on Indiana Toll Road I-80.

8.  On June 1, 2022, Thompson was operating under Hilton's motor carrier operating authority and displayed its logo and U.S. DOT Number 26458.

9.  On and before June 1, 2022, Hilton was subject to the Federal Motor Carrier Safety Regulations (hereinafter "FMCSRs") and owed Delilah, and others on the roadway, a duty to use reasonable care in the hiring, training, retention, and/or supervision of the drivers chosen to operate it.

10. At all times relevant herein, there was in full force and effect Parts 382, 383, 384, 390, 391, 392, and 396 of the FCMSRs.

11. On June 1, 2022, Defendants, Hilton and Cole breached the foregoing duties and was negligent in one or more of the following ways, *inter alia*:

    a.  Hilton and Cole did not require Thompson to comply with the duties and prohibitions of driver regulations in violation of Part 390 of FCMSRs;
    b.  Hilton and Cole operated without adequate safety management controls;
    c.  Hilton and Cole required Thompson to operate its tractor trailer while said driver's ability or alertness was so impaired as to make it unsafe for him to continue to operate it in violation of Part 392 of the FCMSRs;
    d.  Hilton and Cole did not adequately train Thompson when reasonable training would have equipped Thompson with the knowledge and skill to operate and maintain the tractor trailer in a reasonably prudent manner in violation of Part 391 of the

FILED DATE: 2/3/2023 2:11 PM   2023L001159

FCMSRs.

e.   Hilton and Cole did not train Thompson on defensive driving techniques, including proper space management;

f.   Hilton and Cole did not conduct or require pre-trip inspections of its vehicle as required by Part 396 of the FCMSRs;

g.   Hilton and Cole aided and abetted Thompson's violations of the FCMSRs; and

h.   Hilton and Cole failed to use the same care and caution that a reasonably prudent person would have exercised under the same or substantially similar circumstances all in violation of 382, 383, 384, 390, 391, 392, and 396 of FCMSRs.

12.   As a direct and proximate result of Defendant, Thompson's negligence, the vehicle Delilah was a passenger in was violently crashed into from the rear when the driver was lawfully stopped in traffic.

13.   As a direct and proximate result of one or more of the foregoing acts and/or omissions, Delilah sustained permanent and severe personal injuries, incurred and will incur ambulance, hospital, diagnostic, therapeutic, and other medical expenses, suffered and will continue to suffer physical pain, mental suffering, terror, fright, humiliation, loss of enjoyment of life, disability, disfigurement, and sustained other injuries and damages of a personal and pecuniary nature.

WHEREFORE, Plaintiffs, DONNA TIRVA and LEO TIRVA, as Parents and Next Friends of DELILAH TIRVA, a minor, respectfully request judgment against Defendants, HILTON SPENCERPORT EXPRESS, INC. and THOMAS COLE, and each of them, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus all costs associated with this case, and any other relief this Court deems just.

### COUNT X – Agency – Chasen Thompson, Hilton Spencerport Express, Inc.- Delilah Tirva, a minor

1.   At all times relevant herein, Defendant, CHASEN THOMPSON, (hereinafter "Thompson"), was a professional truck driver and a resident of the Town of Hamlin, County of Monroe,

State of New York.

2. On June 1, 2022, minor Plaintiff, Delilah, was a passenger in a vehicle traveling eastbound on Indiana Toll Road I-80.

3. On June 1, 2022, Thompson was operating a tractor-trailer traveling eastbound on Indiana Toll Road I-80.

4. At all times relevant herein, Defendant, Thompson, was an agent, apparent agent, servant, and/or employee for the Defendant, Hilton, who owned the tractor trailer operated by Defendant Thompson.

5. On June 1, 2022, Thompson was operating under Hilton's motor carrier operating authority and displayed its logo and U.S. DOT Number 26458.

6. On and before June 1, 2022, Thompson was subject to the Federal Motor Carrier Safety Regulations (hereinafter "FMCSRs") and owed Delilah, and others on the roadway, a duty to use reasonable care in the operation of the tractor-trailer he was driving.

7. On June 1, 2022, Defendant, Thompson breached the foregoing duties and was then and there guilty of one or more of the following negligent acts and/or omissions, *inter alia*:

   a. Thompson drove his tractor-trailer at a speed which was greater than reasonable and proper;
   b. Thompson failed to keep a proper lookout for other vehicles upon the roadway;
   c. Thompson operated the tractor-trailer while distracted;
   d. Thompson did not maintain control over his tractor-trailer so as to avoid colliding with other vehicles;
   e. Thompson operated his tractor trailer at an unreasonable speed given the extant road and traffic conditions;
   f. Thompson failed to timely apply his brakes;
   g. Thompson failed to take evasive maneuvers to avoid a collision; and
   h. Thompson failed to exercise the same care and caution that a reasonable prudent person would have exercise under the same or substantially same circumstances.

8. As a direct and proximate result of Defendant, Thompson's negligence, the vehicle Delilah

FILED DATE: 2/3/2023 2:11 PM    2023L001159

FILED DATE: 2/3/2023 2:11 PM   2023L001159

was a passenger in was violently crashed into from the rear when the driver was lawfully stopped in traffic.

9.  At the time of the foregoing collision on June 1, 2022, and at all times relevant herein, Thompson was subject to Hilton's control, acting pursuant to its directions and commands, and utilizing Hilton's operating authority and equipment, including the tractor-trailer displaying Hilton's logos, for Hilton's pecuniary benefit. Hilton is therefore vicariously liable for Thompson's negligence.

10. As a direct and proximate result of one or more of the foregoing acts and/or omissions, Delilah sustained permanent and severe personal injuries, incurred and will incur ambulance, hospital, diagnostic, therapeutic, and other medical expenses, suffered and will continue to suffer physical pain, mental suffering, terror, fright, humiliation, loss of enjoyment of life, disability, disfigurement, and sustained other injuries and damages of a personal and pecuniary nature.

WHEREFORE, Plaintiffs, DONNA TIRVA and LEO TIRVA, as Parents and Next Friends of DELILAH TIRVA, a minor, respectfully request judgment against Defendants, CHASEN THOMPSON and HILTON SPENCERPORT EXPRESS, INC., and each of them, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus all costs associated with this case, and any other relief this Court deems just.

### *COUNT XI – Negligent Retention, Hiring, and Entrustment – Thomas Cole, Hilton Spencerport Express, Inc.- Delilah Tirva, a minor*

1.  At all times relevant herein, Defendant, Hilton was and is an interstate trucking company with its principal place of business in Kendall, New York.

2.  Upon information and belief, Defendant, Cole, was the business owner of Defendant Hilton.

FILED DATE: 2/3/2023 2:11 PM   2023L001159

3.  At all times relevant herein, Defendant, Thompson, was a professional truck driver and a resident of the Town of Hamlin, County of Monroe, State of New York.

4.  At all times relevant herein, Defendant, Thompson, was an employee, agent, apparent agent, and/or servant of Defendants, Hilton and Cole.

5.  At all times relevant herein, Defendants, Hilton and Cole, had a duty to exercise reasonable care to retain an employee who was competent and/or fit to perform the duties required of a professional truck driver.

6.  At all times relevant herein, Defendants, Hilton and Cole, knew or should have known that the Defendant, Thompson, was an unsafe driver engaged in unsafe driving practices and was not competent or fit for the duties required of him as a professional truck driver.

7.  At all times relevant herein, Defendants, Hilton and Cole, breached their duty of responsible care to retain, hire, and entrust the tractor trailer to an employee that was competent and/or fit for the position.

8.  On June 1, 2022, Defendant, Thompson, as employee, agent, apparent agent, and/or servant of Defendants, Hilton and Cole, breached the foregoing duties and was then and there guilty of one or more of the following negligent acts and/or omissions, *inter alia*:

    a.  Thompson drove his tractor-trailer at a speed which was greater than reasonable and proper;
    b.  Thompson failed to keep a proper lookout for other vehicles upon the roadway;
    c.  Thompson operated the tractor-trailer while distracted;
    d.  Thompson did not maintain control over his tractor-trailer so as to avoid colliding with other vehicles;
    e.  Thompson operated his tractor trailer at an unreasonable speed given the extant road and traffic conditions;
    f.  Thompson failed to timely apply his brakes;
    g.  Thompson failed to take evasive maneuvers to avoid a collision; and
    h.  Thompson failed to exercise the same care and caution that a reasonable prudent person would have exercise under the same or substantially same circumstances.

FILED DATE: 2/3/2023 2:11 PM   2023L001159

9. As a direct and proximate result of Defendant, Thompson's negligence, the vehicle Delilah was a passenger in was violently crashed into from the rear when the driver was lawfully stopped in traffic.

10. As a direct and proximate result of one or more of the foregoing acts and/or omissions, Delilah sustained permanent and severe personal injuries, incurred and will incur ambulance, hospital, diagnostic, therapeutic, and other medical expenses, suffered and will continue to suffer physical pain, mental suffering, terror, fright, humiliation, loss of enjoyment of life, disability, disfigurement, and sustained other injuries and damages of a personal and pecuniary nature.

11. Accordingly, Defendants, Hilton and Cole, are liable for the aforementioned negligent conduct and the aforementioned damages to Delilah, directly and proximately caused by said negligent conduct.

WHEREFORE, Plaintiffs, DONNA TIRVA and LEO TIRVA, as Parents and Next Friends of DELILAH TIRVA, a minor, respectfully request judgment against Defendant, HILTON SPENCERPORT EXPRESS, INC. and THOMAS COLE, and each of them, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus all costs associated with this case, and any other relief this Court deems just.

### *COUNT XII – Negligence – Arrive Logistics, LLC- Delilah Tirva, a minor*

1. At all times relevant herein, Arrive was and is a multimodal transportation and technology company headquartered in Austin, Texas and operating from and within the City of Chicago, County of Cook, State of Illinois.

2. At all times relevant herein, Thompson was a professional truck driver and a resident of the Town of Hamlin, County of Monroe, State of New York.

25

FILED DATE: 2/3/2023 2:11 PM   2023L001159

3. Upon information and belief Defendant, Arrive, had entered into and was working pursuant to an agreement with Hilton for the mutual benefit of Arrive and Hilton.

4. On June 1, 2022, minor Plaintiff, Delilah,  was a passenger in a vehicle traveling eastbound on Indiana Toll Road I-80.

5. On June 1, 2022, Thompson was operating a tractor-trailer traveling eastbound on Indiana Toll Road I-80.

6. At all times relevant herein, Defendant, Thompson, was an employee, agent, apparent agent, and/or servant of Defendants, Hilton and Arrive.

7. On June 1, 2022, Thompson was operating the tractor trailer under Hilton's motor carrier operating authority for the mutual benefit of Hilton and Arrive.

8. On and before June 1, 2022, Arrive was subject to the FMCSRs and owed Delilah, and others on the roadway, a duty to use reasonable care in the hiring, training, retention, and/or supervision of the drivers chosen to operate it.

9. At all times relevant herein, there was in full force and effect, Parts 382, 383, 384, 390, 391, 392, and 396  of the FMCSRs.

10. On June 1, 2022, Defendant, Arrive, breached the foregoing duties and was negligent in one or more of the following respects, *inter alia*:

    a. Arrive did not require Thompson to comply with the duties and prohibitions of driver regulations in violation of Part 390 of FCMSRs;

    b. Arrive operated without adequate safety management controls;

    c. Arrive required Thompson to operate its tractor trailer while said driver's ability or alertness was so impaired as to make it unsafe for him to continue to operate it in violation of Part 392 of the FCMSRs;

    d. Arrive did not adequately train Thompson when reasonable training would have equipped Thompson with the knowledge and skill to operate and maintain the tractor trailer in a reasonably prudent manner in violation of Part 391 of the FCMSRs;

    e. Arrive did not train Thompson on defensive driving techniques, including proper space management;

26

FILED DATE: 2/3/2023 2:11 PM   2023L001159

      f.  Arrive did not conduct or require pre-trip inspections of its vehicle as required by Part 396 of the FCMSRs;

      g.  Arrive aided and abetted Thompson's violations of the FCMSRs; and

      h.  Arrive failed to use the same care and caution that a reasonably prudent person would have exercised under the same or substantially similar circumstances all in violation of 382, 383, 384, 390, 391, 392, and 396 of FCMSRs.

11. As a direct and proximate result of Defendant, Arrive's negligence, the vehicle Delilah was a passenger in was violently crashed into from the rear when the driver was lawfully stopped in traffic.

12. As a direct and proximate result of one or more of the foregoing acts and/or omissions, Delilah sustained permanent and severe personal injuries, incurred and will incur ambulance, hospital, diagnostic, therapeutic, and other medical expenses, suffered and will continue to suffer physical pain, mental suffering, terror, fright, humiliation, loss of enjoyment of life, disability, disfigurement, and sustained other injuries and damages of a personal and pecuniary nature.

WHEREFORE, Plaintiffs, DONNA TIRVA and LEO TIRVA, as Parents and Next Friends of DELILAH TIRVA, a minor, respectfully request judgment against Defendant, ARRIVE LOGISTICS, LLC, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus all costs associated with this case, and any other relief this Court deems just.

### *COUNT XIII – Agency – Chasen Thompson and Arrive Logistics, LLC- Delilah Tirva, a minor*

1. At all times relevant herein, Defendant, Arrive was and is a multimodal transportation and technology company headquartered in Austin, Texas and operating from and within the City of Chicago, County of Cook, State of Illinois.

2. At all times relevant herein, Thompson was a professional truck driver and a resident of the Town of Hamlin, County of Monroe, State of New York.

FILED DATE: 2/3/2023 2:11 PM   2023L001159

3.  On June 1, 2022, minor Plaintiff, Delilah, was a passenger in a vehicle traveling eastbound on Indiana Toll Road I-80.

4.  On June 1, 2022, Thompson was operating a tractor-trailer traveling eastbound on Indiana Toll Road I-80.

5.  At all times relevant herein, Defendant, Thompson, was an employee, agent, apparent agent, and/or servant of Defendants, Hilton and Arrive.

6.  On and before June 1, 2022, Thompson was subject to the Federal Motor Carrier Safety Regulations (hereinafter "FMCSRs") and owed Delilah, and others on the roadway, a duty to use reasonable care in the operation of the tractor-trailer he was driving.

7.  On June 1, 2022, Defendant, Thompson breached the foregoing duty and was negligent in one or more of the following respects, *inter alia*:

    a.  Thompson drove his tractor-trailer at a speed which was greater than reasonable and proper;
    b.  Thompson failed to keep a proper lookout for other vehicles upon the roadway;
    c.  Thompson operated the tractor-trailer while distracted;
    d.  Thompson did not maintain control over his tractor-trailer so as to avoid colliding with other vehicles;
    e.  Thompson operated his tractor trailer at an unreasonable speed given the extant road and traffic conditions;
    f.  Thompson failed to timely apply his brakes;
    g.  Thompson failed to take evasive maneuvers to avoid a collision; and
    h.  Thompson failed to exercise the same care and caution that a reasonable prudent person would have exercise under the same or substantially same circumstances.

8.  As a direct and proximate result of Defendant, Thompson's negligence, the vehicle Delilah was a passenger in was violently crashed into from the rear when the driver was lawfully stopped in traffic.

9.  At the time of the foregoing collision on June 1, 2022, and at all times relevant herein, Thompson was subject to Arrive's control, acting pursuant to its directions and commands,

FILED DATE: 2/3/2023 2:11 PM   2023L001159

and utilizing Hilton's operating authority and equipment, including the tractor-trailer displaying Hilton's logos, for the joint pecuniary benefit of Hilton and Arrive; Arrive is therefore vicariously liable for Thompson's negligence.

10. As a direct and proximate result of one or more of the foregoing acts and/or omissions, Delilah sustained permanent and severe personal injuries, incurred and will incur ambulance, hospital, diagnostic, therapeutic, and other medical expenses, suffered and will continue to suffer physical pain, mental suffering, terror, fright, humiliation, loss of enjoyment of life, disability, disfigurement, and sustained other injuries and damages of a personal and pecuniary nature.

WHEREFORE, Plaintiffs, DONNA TIRVA and LEO TIRVA, as Parents and Next Friends of DELILAH TIRVA, a minor, respectfully request judgment against Defendants, CHASEN THOMPSON and ARRIVE LOGISTICS, LLC, and each of them, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus all costs associated with this case, and any other relief this Court deems just.

### COUNT XIV – Negligence – Chasen Thompson- Delilah Tirva, a minor

1. At all times relevant herein, Defendant, Hilton was and is an interstate trucking company with its principal place of business in Kendall, New York.

2. At all times relevant herein, Defendant, Thompson, was a professional truck driver and a resident of the Town of Hamlin, County of Monroe, State of New York.

3. At all times relevant herein, Defendant, Thompson, was an employee, agent, apparent agent, and/or servant of Defendant, Hilton.

4. On June 1, 2022, minor Plaintiff, Delilah, was a passenger in a vehicle traveling eastbound on Indiana Toll Road I-80.

FILED DATE: 2/3/2023 2:11 PM   2023L001159

5.  On June 1, 2022, Thompson was operating a tractor-trailer traveling eastbound on Indiana Toll Road I-80.

6.  On June 1, 2022, Defendant, Thompson, as employee, agent, apparent agent, and/or servant of Defendant, Hilton, breached the foregoing duties and was then and there guilty of one or more of the following negligent acts and/or omissions, *inter alia*:

   a.  Thompson drove his tractor-trailer at a speed which was greater than reasonable and proper;
   b.  Thompson failed to keep a proper lookout for other vehicles upon the roadway;
   c.  Thompson operated the tractor-trailer while distracted;
   d.  Thompson did not maintain control over his tractor-trailer so as to avoid colliding with other vehicles;
   e.  Thompson operated his tractor trailer at an unreasonable speed given the extant road and traffic conditions;
   f.  Thompson failed to timely apply his brakes;
   g.  Thompson failed to take evasive maneuvers to avoid a collision; and
   h.  Thompson failed to exercise the same care and caution that a reasonable prudent person would have exercise under the same or substantially same circumstances.

7.  As a direct and proximate result of Defendant, Thompson's negligence, the vehicle Delilah was a passenger in was violently crashed into from the rear when the driver was lawfully stopped in traffic.

8.  As a direct and proximate result of one or more of the foregoing acts and/or omissions, Delilah sustained permanent and severe personal injuries, incurred and will incur ambulance, hospital, diagnostic, therapeutic, and other medical expenses, suffered and will continue to suffer physical pain, mental suffering, terror, fright, humiliation, loss of enjoyment of life, disability, disfigurement, and sustained other injuries and damages of a personal and pecuniary nature.

WHEREFORE, Plaintiffs, DONNA TIRVA and LEO TIRVA, as Parents and Next Friends of DELILAH TIRVA, a minor, respectfully request judgment against Defendant, CHASEN

FILED DATE: 2/3/2023 2:11 PM   2023L001159

THOMPSON, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus all costs associated with this case, and any other relief this Court deems just.

### COUNT XV – Negligence – Graphic Packaging International, LLC- Delilah Tirva, a minor

1. At all time relevant herein, Defendant, GRAPHIC PACKAGING INTERNATIONAL, LLC., (hereinafter "Graphic") was and is a provider of paper-based packaging solutions headquartered in Atlanta, Georgia, and operating from and within the City of Chicago, County of Cook and State of Illinois.

2. At all times relevant herein, Arrive was and is a multimodal transportation and technology company headquartered in Austin, Texas and operating from and within the City of Chicago, County of Cook, State of Illinois.

3. At all times relevant herein, Thompson was a professional truck driver and a resident of the Town of Hamlin, County of Monroe, State of New York.

4. Upon information and belief Defendants, Graphic and Arrive, had entered into and were working pursuant to an agreement with Hilton for the mutual benefit of Graphic, Arrive and Hilton.

5. On June 1, 2022, minor Plaintiff, Delilah, was a passenger in a vehicle traveling eastbound on Indiana Toll Road I-80.

6. On June 1, 2022, Thompson was operating a tractor-trailer traveling eastbound on Indiana Toll Road I-80.

7. At all times relevant herein, Defendant, Thompson, was an employee, agent, apparent agent, and/or servant of Defendants, Hilton, Arrive and Graphic.

8. On June 1, 2022, Thompson was operating the tractor trailer under Hilton's motor carrier operating authority for the mutual benefit of Hilton, Arrive and Graphic.

31

FILED DATE: 2/3/2023 2:11 PM   2023L001159

9. On and before June 1, 2022, Graphic was subject to the FMCSRs and owed Delilah, and others on the roadway, a duty to use reasonable care in the hiring, training, retention, and/or supervision of the drivers chosen to operate it.

10. At all times relevant herein, there was in full force and effect, Parts 382, 383, 384, 390, 391, 392, and 396  of the FMCSRs.

11. On June 1, 2022, Defendant, Graphic, breached the foregoing duties and was negligent in one or more of the following respects, *inter alia*:

   a. Graphic did not require Thompson to comply with the duties and prohibitions of driver regulations in violation of Part 390 of FCMSRs;
   b. Graphic operated without adequate safety management controls;
   c. Graphic required Thompson to operate its tractor trailer while said driver's ability or alertness was so impaired as to make it unsafe for him to continue to operate it in violation of Part 392 of the FCMSRs;
   d. Graphic did not adequately train Thompson when reasonable training would have equipped Thompson with the knowledge and skill to operate and maintain the tractor trailer in a reasonably prudent manner in violation of Part 391 of the FCMSRs;
   e. Graphic did not train Thompson on defensive driving techniques, including proper space management;
   f. Graphic did not conduct or require pre-trip inspections of its vehicle as required by Part 396 of the FCMSRs;
   g. Graphic aided and abetted Thompson's violations of the FCMSRs; and
   h. Graphic failed to use the same care and caution that a reasonably prudent person would have exercised under the same or substantially similar circumstances all in violation of 382, 383, 384, 390, 391, 392, and 396 of FCMSRs.

12. As a direct and proximate result of Defendant, Graphic's negligence, the vehicle Delilah was a passenger in was violently crashed into from the rear when the driver was lawfully stopped in traffic.

13. As a direct and proximate result of one or more of the foregoing acts and/or omissions, Delilah sustained permanent and severe personal injuries, incurred and will incur ambulance, hospital, diagnostic, therapeutic, and other medical expenses, suffered and

FILED DATE: 2/3/2023 2:11 PM   2023L001159

will continue to suffer physical pain, mental suffering, terror, fright, humiliation, loss of enjoyment of life, disability, disfigurement, and sustained other injuries and damages of a personal and pecuniary nature.

WHEREFORE, Plaintiffs, DONNA TIRVA and LEO TIRVA, as Parents and Next Friends of DELILAH TIRVA, a minor, respectfully request judgment against Defendant, GRAPHIC PACKAGING INTERNATIONAL, LLC, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus all costs associated with this case, and any other relief this Court deems just.

### *COUNT XVI – Agency – Chasen Thompson, Graphic Packaging International, LLC- Delilah Tirva, a minor*

1. At all time relevant herein, Defendant, Graphic, was and is a provider of paper-based packaging solutions headquartered in Atlanta, Georgia, and operating from and within the City of Chicago, County of Cook and State of Illinois.

2. At all times relevant herein, Defendant, Arrive was and is a multimodal transportation and technology company headquartered in Austin, Texas and operating from and within the City of Chicago, County of Cook, State of Illinois.

3. At all times relevant herein, Thompson was a professional truck driver and a resident of the Town of Hamlin, County of Monroe, State of New York.

4. On June 1, 2022, minor Plaintiff, Delilah, was a passenger in a vehicle traveling eastbound on Indiana Toll Road I-80.

5. On June 1, 2022, Thompson was operating a tractor-trailer traveling eastbound on Indiana Toll Road I-80.

6. At all times relevant herein, Defendant, Thompson, was an employee, agent, apparent agent,

33

FILED DATE: 2/3/2023 2:11 PM   2023L001159

and/or servant of Defendants, Hilton, Arrive and Graphic.

7.  On and before June 1, 2022, Thompson was subject to the Federal Motor Carrier Safety Regulations (hereinafter "FMCSRs") and owed Delilah, and others on the roadway, a duty to use reasonable care in the operation of the tractor-trailer he was driving.

8.  On June 1, 2022, Defendant, Thompson breached the foregoing duty and was negligent in one or more of the following respects, *inter alia*:

   a.  Thompson drove his tractor-trailer at a speed which was greater than reasonable and proper;
   b.  Thompson failed to keep a proper lookout for other vehicles upon the roadway;
   c.  Thompson operated the tractor-trailer while distracted;
   d.  Thompson did not maintain control over his tractor-trailer so as to avoid colliding with other vehicles;
   e.  Thompson operated his tractor trailer at an unreasonable speed given the extant road and traffic conditions;
   f.  Thompson failed to timely apply his brakes;
   g.  Thompson failed to take evasive maneuvers to avoid a collision; and
   h.  Thompson failed to exercise the same care and caution that a reasonable prudent person would have exercise under the same or substantially same circumstances.

9.  As a direct and proximate result of Defendant, Thompson's negligence, the vehicle Delilah was a passenger in was violently crashed into from the rear when the driver was lawfully stopped in traffic.

10. As a direct and proximate result of one or more of the foregoing acts and/or omissions, Delilah sustained permanent and severe personal injuries, incurred and will incur ambulance, hospital, diagnostic, therapeutic, and other medical expenses, suffered and will continue to suffer physical pain, mental suffering, terror, fright, humiliation, loss of enjoyment of life, disability, disfigurement, and sustained other injuries and damages of a personal and pecuniary nature.

11. At the time of the foregoing collision on June 1, 2022, and at all times relevant herein,

FILED DATE: 2/3/2023 2:11 PM   2023L001159

Thompson was subject to Graphic's control, acting pursuant to its directions and commands, and utilizing Hilton and Arrive's operating authority and equipment, including the tractor-trailer displaying Hilton's logos, for the joint pecuniary benefit of Hilton, Arrive and Graphic; Graphic is therefore vicariously liable for Thompson's negligence.

WHEREFORE, Plaintiffs, DONNA TIRVA and LEO TIRVA, as Parents and Next Friends of DELILAH TIRVA, a minor, respectfully request judgment against Defendants, CHASEN THOMPSON and GRAPHIC PACKAGING INTERNATIONAL, LLC, and each of them, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus all costs associated with this case, and any other relief this Court deems just.

### COUNT XVII – Negligence – Hilton Spencerport Express, Thomas Cole- Donna Tirva

1. At all times relevant herein, Defendant, HILTON SPENCERPORT EXPRESS, INC., (hereinafter "Hilton") was and is an interstate trucking company with its principal place of business in Kendall, New York.

2. Upon information and belief, Hilton had entered into and was working pursuant to an agreement with ARRIVE LOGISTICS, LLC, (hereinafter "Arrive"), for the mutual benefit of Hilton and Arrive.

3. Upon information and belief, Defendant, THOMAS COLE (hereinafter "Cole"), was the business owner of Defendant Hilton.

4. At all times relevant herein, Defendant, CHASEN THOMPSON, (hereinafter "Thompson"), was a professional truck driver and a resident of the Town of Hamlin, County of Monroe, State of New York.

5. At all times relevant herein, Defendant, Thompson, was an employee, agent, apparent agent,

and/or servant of Defendants, Hilton and Cole.

6. On June 1, 2022, Plaintiff, DONNA TIRVA, (hereinafter "Donna"), was the driver of a vehicle traveling eastbound on Indiana Toll Road I-80.

7. On June 1, 2022, Thompson was operating a tractor-trailer traveling eastbound on Indiana Toll Road I-80.

8. On June 1, 2022, Thompson was operating under Hilton's motor carrier operating authority and displayed its logo and U.S. DOT Number 26458.

9. On and before June 1, 2022, Hilton was subject to the Federal Motor Carrier Safety Regulations (hereinafter "FMCSRs") and owed Donna, and others on the roadway, a duty to use reasonable care in the hiring, training, retention, and/or supervision of the drivers chosen to operate it.

10. At all times relevant herein, there was in full force and effect Parts 382, 383, 384, 390, 391, 392, and 396 of the FCMSRs.

11. On June 1, 2022, Defendants, Hilton and Cole breached the foregoing duties and was negligent in one or more of the following ways, *inter alia*:

   a. Hilton and Cole did not require Thompson to comply with the duties and prohibitions of driver regulations in violation of Part 390 of FCMSRs;
   b. Hilton and Cole operated without adequate safety management controls;
   c. Hilton and Cole required Thompson to operate its tractor trailer while said driver's ability or alertness was so impaired as to make it unsafe for him to continue to operate it in violation of Part 392 of the FCMSRs;
   d. Hilton and Cole did not adequately train Thompson when reasonable training would have equipped Thompson with the knowledge and skill to operate and maintain the tractor trailer in a reasonably prudent manner in violation of Part 391 of the FCMSRs.
   e. Hilton and Cole did not train Thompson on defensive driving techniques, including proper space management;
   f. Hilton and Cole did not conduct or require pre-trip inspections of its vehicle as required by Part 396 of the FCMSRs;
   g. Hilton and Cole aided and abetted Thompson's violations of the FCMSRs; and

FILED DATE: 2/3/2023 2:11 PM   2023L001159

FILED DATE: 2/3/2023 2:11 PM   2023L001159

h. Hilton and Cole failed to use the same care and caution that a reasonably prudent person would have exercised under the same or substantially similar circumstances all in violation of 382, 383, 384, 390, 391, 392, and 396 of FCMSRs.

12. As a direct and proximate result of Defendant, Thompson's negligence, the vehicle Donna was a passenger in was violently crashed into from the rear when the driver was lawfully stopped in traffic.

13. As a direct and proximate result of one or more of the foregoing acts and/or omissions, Donna sustained permanent and severe personal injuries, incurred and will incur ambulance, hospital, diagnostic, therapeutic, and other medical expenses, suffered and will continue to suffer physical pain, mental suffering, terror, fright, humiliation, loss of enjoyment of life, disability, disfigurement, and sustained other injuries and damages of a personal and pecuniary nature.

WHEREFORE, Plaintiff, DONNA TIRVA, respectfully requests judgment against Defendants, HILTON SPENCERPORT EXPRESS, INC. and THOMAS COLE, and each of them, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus all costs associated with this case, and any other relief this Court deems just.

### COUNT XVIII – Agency – Chasen Thompson, Hilton Spencerport Express, Inc.- Donna Tirva

1. At all times relevant herein, Defendant, CHASEN THOMPSON, (hereinafter "Thompson"), was a professional truck driver and a resident of the Town of Hamlin, County of Monroe, State of New York.

2. On June 1, 2022, Plaintiff, Donna, was the driver of a vehicle traveling eastbound on Indiana Toll Road I-80.

3. On June 1, 2022, Thompson was operating a tractor-trailer traveling eastbound on Indiana

FILED DATE: 2/3/2023 2:11 PM   2023L001159

Toll Road I-80.

4. At all times relevant herein, Defendant, Thompson, was an agent, apparent agent, servant, and/or employee for the Defendant, Hilton, who owned the tractor trailer operated by Defendant, Thompson.

5. On June 1, 2022, Thompson was operating under Hilton's motor carrier operating authority and displayed its logo and U.S. DOT Number 26458.

6. On and before June 1, 2022, Thompson was subject to the Federal Motor Carrier Safety Regulations (hereinafter "FMCSRs") and owed Donna, and others on the roadway, a duty to use reasonable care in the operation of the tractor-trailer he was driving.

7. On June 1, 2022, Defendant, Thompson breached the foregoing duties and was then and there guilty of one or more of the following negligent acts and/or omissions, *inter alia*:

   a. Thompson drove his tractor-trailer at a speed which was greater than reasonable and proper;
   b. Thompson failed to keep a proper lookout for other vehicles upon the roadway;
   c. Thompson operated the tractor-trailer while distracted;
   d. Thompson did not maintain control over his tractor-trailer so as to avoid colliding with other vehicles;
   e. Thompson operated his tractor trailer at an unreasonable speed given the extant road and traffic conditions;
   f. Thompson failed to timely apply his brakes;
   g. Thompson failed to take evasive maneuvers to avoid a collision; and
   h. Thompson failed to exercise the same care and caution that a reasonable prudent person would have exercise under the same or substantially same circumstances.

8. As a direct and proximate result of Defendant, Thompson's negligence, the vehicle Donna was a passenger in was violently crashed into from the rear when the driver was lawfully stopped in traffic.

9. At the time of the foregoing collision on June 1, 2022, and at all times relevant herein, Thompson was subject to Hilton's control, acting pursuant to its directions and commands,

FILED DATE: 2/3/2023 2:11 PM   2023L001159

and utilizing Hilton's operating authority and equipment, including the tractor-trailer displaying Hilton's logos, for Hilton's pecuniary benefit. Hilton is therefore vicariously liable for Thompson's negligence.

10. As a direct and proximate result of one or more of the foregoing acts and/or omissions, Donna sustained permanent and severe personal injuries, incurred and will incur ambulance, hospital, diagnostic, therapeutic, and other medical expenses, suffered and will continue to suffer physical pain, mental suffering, terror, fright, humiliation, loss of enjoyment of life, disability, disfigurement, and sustained other injuries and damages of a personal and pecuniary nature.

WHEREFORE, Plaintiff, DONNA TIRVA, respectfully requests judgment against Defendants, CHASEN THOMPSON and HILTON SPENCERPORT EXPRESS, INC., and each of them, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus all costs associated with this case, and any other relief this Court deems just.

### COUNT XIX– Negligent Retention, Hiring, and Entrustment – Thomas Cole, Hilton Spencerport Express, Inc.- Donna Tirva

1. At all times relevant herein, Defendant, Hilton was and is an interstate trucking company with its principal place of business in Kendall, New York.

2. Upon information and belief, Defendant, Cole, was the business owner of Defendant Hilton.

3. At all times relevant herein, Defendant, Thompson, was a professional truck driver and a resident of the Town of Hamlin, County of Monroe, State of New York.

4. At all times relevant herein, Defendant, Thompson, was an employee, agent, apparent agent, and/or servant of Defendants, Hilton and Cole.

5. At all times relevant herein, Defendants, Hilton and Cole, had a duty to exercise reasonable

FILED DATE: 2/3/2023 2:11 PM   2023L001159

care to retain an employee who was competent and/or fit to perform the duties required of a professional truck driver.

6.   At all times relevant herein, Defendants, Hilton and Cole, knew or should have known that the Defendant, Thompson, was an unsafe driver engaged in unsafe driving practices and was not competent or fit for the duties required of him as a professional truck driver.

7.   At all times relevant herein, Defendants, Hilton and Cole, breached their duty of responsible care to retain, hire, and entrust the tractor trailer to an employee that was competent and/or fit for the position.

8.   On June 1, 2022, Defendant, Thompson, as employee, agent, apparent agent, and/or servant of Defendants, Hilton and Cole, breached the foregoing duties and was then and there guilty of one or more of the following negligent acts and/or omissions, *inter alia*:

   a.   Thompson drove his tractor-trailer at a speed which was greater than reasonable and proper;
   b.   Thompson failed to keep a proper lookout for other vehicles upon the roadway;
   c.   Thompson operated the tractor-trailer while distracted;
   d.   Thompson did not maintain control over his tractor-trailer so as to avoid colliding with other vehicles;
   e.   Thompson operated his tractor trailer at an unreasonable speed given the extant road and traffic conditions;
   f.   Thompson failed to timely apply his brakes;
   g.   Thompson failed to take evasive maneuvers to avoid a collision; and
   h.   Thompson failed to exercise the same care and caution that a reasonable prudent person would have exercise under the same or substantially same circumstances.

9.   As a direct and proximate result of Defendant, Thompson's negligence, the vehicle Donna was a passenger in was violently crashed into from the rear when the driver was lawfully stopped in traffic.

10.  As a direct and proximate result of one or more of the foregoing acts and/or omissions, Donna sustained permanent and severe personal injuries, incurred and will incur ambulance,

FILED DATE: 2/3/2023 2:11 PM   2023L001159

hospital, diagnostic, therapeutic, and other medical expenses, suffered and will continue to suffer physical pain, mental suffering, terror, fright, humiliation, loss of enjoyment of life, disability, disfigurement, and sustained other injuries and damages of a personal and pecuniary nature.

11. Accordingly, Defendants, Hilton and Cole, are liable for the aforementioned negligent conduct and the aforementioned damages to Donna, directly and proximately caused by said negligent conduct.

WHEREFORE, Plaintiff, DONNA TIRVA, respectfully requests judgment against Defendants, HILTON SPENCERPORT EXPRESS, INC. and THOMAS COLE, and each of them, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus all costs associated with this case, and any other relief this Court deems just.

### *COUNT XX– Negligence – Arrive Logistics, LLC- Donna Tirva*

1. At all times relevant herein, Arrive was and is a multimodal transportation and technology company headquartered in Austin, Texas and operating from and within the City of Chicago, County of Cook, State of Illinois.

2. At all times relevant herein, Thompson was a professional truck driver and a resident of the Town of Hamlin, County of Monroe, State of New York.

3. Upon information and belief Defendant, Arrive, had entered into and was working pursuant to an agreement with Hilton for the mutual benefit of Arrive and Hilton.

4. On June 1, 2022, Plaintiff, Donna, was the driver of a vehicle traveling eastbound on Indiana Toll Road I-80.

5. On June 1, 2022, Thompson was operating a tractor-trailer traveling eastbound on Indiana Toll Road I-80.

FILED DATE: 2/3/2023 2:11 PM   2023L001159

6. At all times relevant herein, Defendant, Thompson, was an employee, agent, apparent agent, and/or servant of Defendants, Hilton and Arrive.

7. On June 1, 2022, Thompson was operating the tractor trailer under Hilton's motor carrier operating authority for the mutual benefit of Hilton and Arrive.

8. On and before June 1, 2022, Arrive was subject to the FMCSRs and owed Donna, and others on the roadway, a duty to use reasonable care in the hiring, training, retention, and/or supervision of the drivers chosen to operate it.

9. At all times relevant herein, there was in full force and effect, Parts 382, 383, 384, 390, 391, 392, and 396 of the FMCSRs.

10. On June 1, 2022, Defendant, Arrive, breached the foregoing duties and was negligent in one or more of the following respects, *inter alia*:

   a. Arrive did not require Thompson to comply with the duties and prohibitions of driver regulations in violation of Part 390 of FCMSRs;
   b. Arrive operated without adequate safety management controls;
   c. Arrive required Thompson to operate its tractor trailer while said driver's ability or alertness was so impaired as to make it unsafe for him to continue to operate it in violation of Part 392 of the FCMSRs;
   d. Arrive did not adequately train Thompson when reasonable training would have equipped Thompson with the knowledge and skill to operate and maintain the tractor trailer in a reasonably prudent manner in violation of Part 391 of the FCMSRs;
   e. Arrive did not train Thompson on defensive driving techniques, including proper space management;
   f. Arrive did not conduct or require pre-trip inspections of its vehicle as required by Part 396 of the FCMSRs;
   g. Arrive aided and abetted Thompson's violations of the FCMSRs; and
   h. Arrive failed to use the same care and caution that a reasonably prudent person would have exercised under the same or substantially similar circumstances all in violation of 382, 383, 384, 390, 391, 392, and 396 of FCMSRs.

11. As a direct and proximate result of Defendant, Arrive's negligence, the vehicle Donna was a passenger in was violently crashed into from the rear when the driver was lawfully stopped in traffic.

FILED DATE: 2/3/2023 2:11 PM   2023L001159

12. As a direct and proximate result of one or more of the foregoing acts and/or omissions, Donna sustained permanent and severe personal injuries, incurred and will incur ambulance, hospital, diagnostic, therapeutic, and other medical expenses, suffered and will continue to suffer physical pain, mental suffering, terror, fright, humiliation, loss of enjoyment of life, disability, disfigurement, and sustained other injuries and damages of a personal and pecuniary nature.

WHEREFORE, Plaintiff, DONNA TIRVA, respectfully requests judgment against Defendant, ARRIVE LOGISTICS, LLC, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus all costs associated with this case, and any other relief this Court deems just.

### *COUNT XXI – Agency – Chasen Thompson, Arrive Logistics, LLC- Donna Tirva*

1. At all times relevant herein, Defendant, Arrive was and is a multimodal transportation and technology company headquartered in Austin, Texas and operating from and within the City of Chicago, County of Cook, State of Illinois.

2. At all times relevant herein, Thompson was a professional truck driver and a resident of the Town of Hamlin, County of Monroe, State of New York.

3. On June 1, 2022, Plaintiff, Donna, was the driver of a vehicle traveling eastbound on Indiana Toll Road I-80.

4. On June 1, 2022, Thompson was operating a tractor-trailer traveling eastbound on Indiana Toll Road I-80.

5. At all times relevant herein, Defendant, Thompson, was an employee, agent, apparent agent, and/or servant of Defendants, Hilton and Arrive.

6. On and before June 1, 2022, Thompson was subject to the Federal Motor Carrier Safety Regulations (hereinafter "FMCSRs") and owed Donna, and others on the roadway, a duty

43

FILED DATE: 2/3/2023 2:11 PM   2023L001159

to use reasonable care in the operation of the tractor-trailer he was driving.

7. On June 1, 2022, Defendant, Thompson breached the foregoing duty and was negligent in one or more of the following respects, *inter alia*:

   a. Thompson drove his tractor-trailer at a speed which was greater than reasonable and proper;
   b. Thompson failed to keep a proper lookout for other vehicles upon the roadway;
   c. Thompson operated the tractor-trailer while distracted;
   d. Thompson did not maintain control over his tractor-trailer so as to avoid colliding with other vehicles;
   e. Thompson operated his tractor trailer at an unreasonable speed given the extant road and traffic conditions;
   f. Thompson failed to timely apply his brakes;
   g. Thompson failed to take evasive maneuvers to avoid a collision; and
   h. Thompson failed to exercise the same care and caution that a reasonable prudent person would have exercise under the same or substantially same circumstances.

8. As a direct and proximate result of Defendant, Thompson's negligence, the vehicle Donna was a passenger in was violently crashed into from the rear when the driver was lawfully stopped in traffic.

9. At the time of the foregoing collision on June 1, 2022, and at all times relevant herein, Thompson was subject to Arrive's control, acting pursuant to its directions and commands, and utilizing Hilton's operating authority and equipment, including the tractor-trailer displaying Hilton's logos, for the joint pecuniary benefit of Hilton and Arrive; Arrive is therefore vicariously liable for Thompson's negligence.

10. As a direct and proximate result of one or more of the foregoing acts and/or omissions, Donna sustained permanent and severe personal injuries, incurred and will incur ambulance, hospital, diagnostic, therapeutic, and other medical expenses, suffered and will continue to suffer physical pain, mental suffering, terror, fright, humiliation, loss of enjoyment of life, disability, disfigurement, and sustained other injuries and damages of a personal and

FILED DATE: 2/3/2023 2:11 PM   2023L001159

pecuniary nature.

WHEREFORE, Plaintiff, DONNA TIRVA, respectfully requests judgment against Defendants, CHASEN THOMPSON and ARRIVE LOGISTICS, LLC, and each of them, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus all costs associated with this case, and any other relief this Court deems just.

### COUNT XXII – Negligence – Chasen Thompson- Donna Tirva

1. At all times relevant herein, Defendant, Hilton was and is an interstate trucking company with its principal place of business in Kendall, New York.

2. At all times relevant herein, Defendant, Thompson, was a professional truck driver and a resident of the Town of Hamlin, County of Monroe, State of New York.

3. At all times relevant herein, Defendant, Thompson, was an employee, agent, apparent agent and/or servant of Defendant, Hilton.

4. On June 1, 2022, Plaintiff, Donna, was the driver of a vehicle traveling eastbound on Indiana Toll Road I-80.

5. On June 1, 2022, Thompson was operating a tractor-trailer traveling eastbound on Indiana Toll Road I-80.

6. On June 1, 2022, Defendant, Thompson, as employee, agent, apparent agent, and/or servant of Defendant, Hilton, breached the foregoing duties and was then and there guilty of one or more of the following negligent acts and/or omissions, *inter alia*:

   a. Thompson drove his tractor-trailer at a speed which was greater than reasonable and proper;
   b. Thompson failed to keep a proper lookout for other vehicles upon the roadway;
   c. Thompson operated the tractor-trailer while distracted;
   d. Thompson did not maintain control over his tractor-trailer so as to avoid colliding with other vehicles;
   e. Thompson operated his tractor trailer at an unreasonable speed given the extant road

FILED DATE: 2/3/2023 2:11 PM   2023L001159

and traffic conditions;

   f.   Thompson failed to timely apply his brakes;

   g.   Thompson failed to take evasive maneuvers to avoid a collision; and

   h.   Thompson failed to exercise the same care and caution that a reasonable prudent person would have exercise under the same or substantially same circumstances.

7. As a direct and proximate result of Defendant, Thompson's negligence, the vehicle Donna was a passenger in was violently crashed into from the rear when the driver was lawfully stopped in traffic.

8. As a direct and proximate result of one or more of the foregoing acts and/or omissions, Donna sustained permanent and severe personal injuries, incurred and will incur ambulance, hospital, diagnostic, therapeutic, and other medical expenses, suffered and will continue to suffer physical pain, mental suffering, terror, fright, humiliation, loss of enjoyment of life, disability, disfigurement, and sustained other injuries and damages of a personal and pecuniary nature.

WHEREFORE, Plaintiff, DONNA TIRVA, respectfully requests judgment against Defendant, CHASEN THOMPSON, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus all costs associated with this case, and any other relief this Court deems just.

### *COUNT XXIII – Negligence – Graphic Packaging International, LLC- Donna Tirva*

1. At all time relevant herein, Defendant, GRAPHIC PACKAGING INTERNATIONAL, LLC., (hereinafter "Graphic") was and is a provider of paper-based packaging solutions headquartered in Atlanta, Georgia, and operating from and within the City of Chicago, County of Cook and State of Illinois.

2. At all times relevant herein, Arrive was and is a multimodal transportation and technology company headquartered in Austin, Texas and operating from and within the City of Chicago, County of Cook, State of Illinois.

FILED DATE: 2/3/2023 2:11 PM   2023L001159

3.  At all times relevant herein, Thompson was a professional truck driver and a resident of the Town of Hamlin, County of Monroe, State of New York.

4.  Upon information and belief  Defendants, Graphic and Arrive, had entered into and were working pursuant to an agreement with Hilton for the mutual benefit of Graphic, Arrive and Hilton.

5.  On June 1, 2022, Plaintiff, Donna, was the driver of a vehicle traveling eastbound on Indiana Toll Road I-80.

6.  On June 1, 2022, Thompson was operating a tractor-trailer traveling eastbound on Indiana Toll Road I-80.

7.  On June 1, 2022, Thompson was operating the tractor trailer under Hilton's motor carrier operating authority for the mutual benefit of Hilton, Arrive and Graphic.

8.  At all times relevant herein, Defendant, Thompson, was an employee, agent, apparent agent and/or servant of Defendants, Hilton, Arrive and Graphic.

9.  On and before June 1, 2022, Garphic was subject to the FMCSRs and owed Donna, and others on the roadway, a duty to use reasonable care in the hiring, training, retention, and/or supervision of the drivers chosen to operate it.

10. At all times relevant herein, there was in full force and effect, Parts 382, 383, 384, 390, 391, 392, and 396  of the FMCSRs.

11. On June 1, 2022, Defendant, Graphic, breached the foregoing duties and was negligent in one or more of the following respects, *inter alia*:

    a.  Graphic did not require Thompson to comply with the duties and prohibitions of driver regulations in violation of Part 390 of FCMSRs;
    b.  Graphic operated without adequate safety management controls;
    c.  Graphic required Thompson to operate its tractor trailer while said driver's ability or alertness was so impaired as to make it unsafe for him to continue to operate it

47

FILED DATE: 2/3/2023 2:11 PM    2023L001159

in violation of Part 392 of the FCMSRs;

    d.  Graphic did not adequately train Thompson when reasonable training would have equipped Thompson with the knowledge and skill to operate and maintain the tractor trailer in a reasonably prudent manner in violation of Part 391 of the FCMSRs;

    e.  Graphic did not train Thompson on defensive driving techniques, including proper space management;

    f.  Graphic did not conduct or require pre-trip inspections of its vehicle as required by Part 396 of the FCMSRs;

    g.  Graphic aided and abetted Thompson's violations of the FCMSRs; and

    h.  Graphic failed to use the same care and caution that a reasonably prudent person would have exercised under the same or substantially similar circumstances all in violation of 382, 383, 384, 390, 391, 392, and 396 of FCMSRs.

12. As a direct and proximate result of Defendant, Graphic's negligence, the vehicle Donna was a passenger in was violently crashed into from the rear when the driver was lawfully stopped in traffic.

13. As a direct and proximate result of one or more of the foregoing acts and/or omissions, Donna sustained permanent and severe personal injuries, incurred and will incur ambulance, hospital, diagnostic, therapeutic, and other medical expenses, suffered and will continue to suffer physical pain, mental suffering, terror, fright, humiliation, loss of enjoyment of life, disability, disfigurement, and sustained other injuries and damages of a personal and pecuniary nature.

WHEREFORE, Plaintiff, DONNA TIRVA, respectfully requests judgment against Defendant, GRAPHIC PACKAGING INTERNATIONAL, LLC, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus all costs associated with this case, and any other relief this Court deems just.

### COUNT XXIV – Agency – Chasen Thompson, Graphic Packaging International, LLC- Donna Tirva

1. At all time relevant herein, Defendant, Graphic, was and is a provider of paper-based

FILED DATE: 2/3/2023 2:11 PM   2023L001159

packaging solutions headquartered in Atlanta, Georgia, and operating from and within the City of Chicago, County of Cook, and State of Illinois.

2. At all times relevant herein, Defendant, Arrive was and is a multimodal transportation and technology company headquartered in Austin, Texas and operating from and within the City of Chicago, County of Cook, State of Illinois.

3. At all times relevant herein, Thompson was a professional truck driver and a resident of the Town of Hamlin, County of Monroe, State of New York.

4. On June 1, 2022, Plaintiff, Donna, was the driver of a vehicle traveling eastbound on Indiana Toll Road I-80.

5. On June 1, 2022, Thompson was operating a tractor-trailer traveling eastbound on Indiana Toll Road I-80.

6. At all times relevant herein, Defendant, Thompson, was an employee, agent, apparent agent, and/or servant of Defendants, Hilton, Arrive and Graphic.

7. On and before June 1, 2022, Thompson was subject to the Federal Motor Carrier Safety Regulations (hereinafter "FMCSRs") and owed Donna, and others on the roadway, a duty to use reasonable care in the operation of the tractor-trailer he was driving.

8. On June 1, 2022, Defendant, Thompson breached the foregoing duty and was negligent in one or more of the following respects, *inter alia*:

   a. Thompson drove his tractor-trailer at a speed which was greater than reasonable and proper;
   b. Thompson failed to keep a proper lookout for other vehicles upon the roadway;
   c. Thompson operated the tractor-trailer while distracted;
   d. Thompson did not maintain control over his tractor-trailer so as to avoid colliding with other vehicles;
   e. Thompson operated his tractor trailer at an unreasonable speed given the extant road and traffic conditions;
   f. Thompson failed to timely apply his brakes;

49

g.  Thompson failed to take evasive maneuvers to avoid a collision; and

h.  Thompson failed to exercise the same care and caution that a reasonable prudent person would have exercise under the same or substantially same circumstances.

9.  As a direct and proximate result of Defendant, Thompson's negligence, the vehicle Donna was a passenger in was violently crashed into from the rear when the driver was lawfully stopped in traffic.

10. As a direct and proximate result of one or more of the foregoing acts and/or omissions, Donna sustained permanent and severe personal injuries, incurred and will incur ambulance, hospital, diagnostic, therapeutic, and other medical expenses, suffered and will continue to suffer physical pain, mental suffering, terror, fright, humiliation, loss of enjoyment of life, disability, disfigurement, and sustained other injuries and damages of a personal and pecuniary nature.

11. At the time of the foregoing collision on June 1, 2022, and at all times relevant herein, Thompson was subject to Graphic's control, acting pursuant to its directions and commands, and utilizing Hilton and Arrive's operating authority and equipment, including the tractor-trailer displaying Hilton's logos, for the joint pecuniary benefit of Hilton, Arrive and Graphic; Graphic is therefore vicariously liable for Thompson's negligence.

WHEREFORE, Plaintiff, DONNA TIRVA, respectfully requests judgment against Defendants, CHASEN THOMPSON and GRAPHIC PACKAGING INTERNATIONAL, LLC, and each of them, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus all costs associated with this case, and any other relief this Court deems just.

### COUNT XXV – Negligence – Hilton Spencerport Express, Inc., Thomas Cole- Lena Tirva

1.  At all times relevant herein, Defendant, HILTON SPENCERPORT EXPRESS, INC.,

50

FILED DATE: 2/3/2023 2:11 PM   2023L001159

(hereinafter "Hilton") was and is an interstate trucking company with its principal place of business in Kendall, New York.

2. Upon information and belief, Hilton had entered into and was working pursuant to an agreement with ARRIVE LOGISTICS, LLC, (hereinafter "Arrive"), for the mutual benefit of Hilton and Arrive.

3. Upon information and belief, Defendant, THOMAS COLE (hereinafter "Cole"), was the business owner of Defendant Hilton.

4. At all times relevant herein, Defendant, CHASEN THOMPSON, (hereinafter "Thompson"), was a professional truck driver and a resident of the Town of Hamlin, County of Monroe, State of New York.

5. At all times relevant herein, Defendant, Thompson, was an employee, agent, apparent agent, and/or servant of Defendants, Hilton and Cole.

6. On June 1, 2022, Plaintiff, LENA TIRVA, (hereinafter "Lena"), was a passenger in a vehicle traveling eastbound on Indiana Toll Road I-80.

7. On June 1, 2022, Thompson was operating a tractor-trailer traveling eastbound on Indiana Toll Road I-80.

8. On June 1, 2022, Thompson was operating under Hilton's motor carrier operating authority and displayed its logo and U.S. DOT Number 26458.

9. On and before June 1, 2022, Hilton was subject to the Federal Motor Carrier Safety Regulations (hereinafter "FMCSRs") and owed Lena, and others on the roadway, a duty to use reasonable care in the hiring, training, retention, and/or supervision of the drivers chosen to operate it.

10. At all times relevant herein, there was in full force and effect Parts 382, 383, 384, 390, 391,

FILED DATE: 2/3/2023 2:11 PM   2023L001159

392, and 396 of the FCMSRs.

11. On June 1, 2022, Defendants, Hilton and Cole breached the foregoing duties and was negligent in one or more of the following ways, *inter alia*:

    a. Hilton and Cole did not require Thompson to comply with the duties and prohibitions of driver regulations in violation of Part 390 of FCMSRs;

    b. Hilton and Cole operated without adequate safety management controls;

    c. Hilton and Cole required Thompson to operate its tractor trailer while said driver's ability or alertness was so impaired as to make it unsafe for him to continue to operate it in violation of Part 392 of the FCMSRs;

    d. Hilton and Cole did not adequately train Thompson when reasonable training would have equipped Thompson with the knowledge and skill to operate and maintain the tractor trailer in a reasonably prudent manner in violation of Part 391 of the FCMSRs.

    e. Hilton and Cole did not train Thompson on defensive driving techniques, including proper space management;

    f. Hilton and Cole did not conduct or require pre-trip inspections of its vehicle as required by Part 396 of the FCMSRs;

    g. Hilton and Cole aided and abetted Thompson's violations of the FCMSRs; and

    h. Hilton and Cole failed to use the same care and caution that a reasonably prudent person would have exercised under the same or substantially similar circumstances all in violation of 382, 383, 384, 390, 391, 392, and 396 of FCMSRs.

12. As a direct and proximate result of Defendant, Thompson's negligence, the vehicle Lena was a passenger in was violently crashed into from the rear when the driver was lawfully stopped in traffic.

13. As a direct and proximate result of one or more of the foregoing acts and/or omissions, Lena sustained permanent and severe personal injuries, incurred and will incur ambulance, hospital, diagnostic, therapeutic, and other medical expenses, suffered and will continue to suffer physical pain, mental suffering, terror, fright, humiliation, loss of enjoyment of life, disability, disfigurement, and sustained other injuries and damages of a personal and pecuniary nature.

WHEREFORE, Plaintiff, LENA TIRVA, respectfully requests  judgment against Defendants,

FILED DATE: 2/3/2023 2:11 PM   2023L001159

HILTON SPENCERPORT EXPRESS, INC. and THOMAS COLE, and each of them, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus all costs associated with this case, and any other relief this Court deems just.

### COUNT XXVI – Agency – Chasen Thompson, Hilton Spencerport Express, Inc.- Lena Tirva

1. At all times relevant herein, Defendant, CHASEN THOMPSON, (hereinafter "Thompson"), was a professional truck driver and a resident of the Town of Hamlin, County of Monroe, State of New York.

2. On June 1, 2022, Plaintiff, Lena, was a passenger in a vehicle traveling eastbound on Indiana Toll Road I-80.

3. On June 1, 2022, Thompson was operating a tractor-trailer traveling eastbound on Indiana Toll Road I-80.

4. At all times relevant herein, Defendant, Thompson, was an agent, apparent agent, servant, and/or employee for the Defendant, Hilton, who owned the tractor trailer operated by Defendant Thompson.

5. On June 1, 2022, Thompson was operating under Hilton's motor carrier operating authority and displayed its logo and U.S. DOT Number 26458.

6. On and before June 1, 2022, Thompson was subject to the Federal Motor Carrier Safety Regulations (hereinafter "FMCSRs") and owed Lena, and others on the roadway, a duty to use reasonable care in the operation of the tractor-trailer he was driving.

7. On June 1, 2022, Defendant, Thompson breached the foregoing duties and was then and there guilty of one or more of the following negligent acts and/or omissions, *inter alia*:

   a. Thompson drove his tractor-trailer at a speed which was greater than reasonable and proper;

FILED DATE: 2/3/2023 2:11 PM   2023L001159

b.   Thompson failed to keep a proper lookout for other vehicles upon the roadway;

c.   Thompson operated the tractor-trailer while distracted;

d.   Thompson did not maintain control over his tractor-trailer so as to avoid colliding with other vehicles;

e.   Thompson operated his tractor trailer at an unreasonable speed given the extant road and traffic conditions;

f.   Thompson failed to timely apply his brakes;

g.   Thompson failed to take evasive maneuvers to avoid a collision; and

h.   Thompson failed to exercise the same care and caution that a reasonable prudent person would have exercise under the same or substantially same circumstances.

8.   As a direct and proximate result of Defendant, Thompson's negligence, the vehicle Lena was a passenger in was violently crashed into from the rear when the driver was lawfully stopped in traffic.

9.   At the time of the foregoing collision on June 1, 2022, and at all times relevant herein, Thompson was subject to Hilton's control, acting pursuant to its directions and commands, and utilizing Hilton's operating authority and equipment, including the tractor-trailer displaying Hilton's logos, for Hilton's pecuniary benefit. Hilton is therefore vicariously liable for Thompson's negligence.

10.  As a direct and proximate result of one or more of the foregoing acts and/or omissions, Lena sustained permanent and severe personal injuries, incurred and will incur ambulance, hospital, diagnostic, therapeutic, and other medical expenses, suffered and will continue to suffer physical pain, mental suffering, terror, fright, humiliation, loss of enjoyment of life, disability, disfigurement, and sustained other injuries and damages of a personal and pecuniary nature.

WHEREFORE, Plaintiff, LENA TIRVA, respectfully requests judgment against Defendants, CHASEN THOMPSON and HILTON SPENCERPORT EXPRESS, INC., and each of them, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus all costs associated with

FILED DATE: 2/3/2023 2:11 PM   2023L001159

this case, and any other relief this Court deems just.

### COUNT XXVII – Negligent Retention, Hiring, and Entrustment – Thomas Cole, Hilton Spencerport Express, Inc.- Lena Tirva

1.  At all times relevant herein, Defendant, Hilton was and is an interstate trucking company with its principal place of business in Kendall, New York.

2.  Upon information and belief, Defendant, Cole, was the business owner of Defendant Hilton.

3.  At all times relevant herein, Defendant, Thompson, was a professional truck driver and a resident of the Town of Hamlin, County of Monroe, State of New York.

4.  At all times relevant herein, Defendant, Thompson, was an employee, agent, apparent agent, and/or servant of Defendants, Hilton and Cole.

5.  At all times relevant herein, Defendants, Hilton and Cole, had a duty to exercise reasonable care to retain an employee who was competent and/or fit to perform the duties required of a professional truck driver.

6.  At all times relevant herein, Defendants, Hilton and Cole, knew or should have known that the Defendant, Thompson, was an unsafe driver engaged in unsafe driving practices and was not competent or fit for the duties required of him as a professional truck driver.

7.  At all times relevant herein, Defendants, Hilton and Cole, breached their duty of responsible care to retain, hire, and entrust the tractor trailer to an employee that was competent and/or fit for the position.

8.  On June 1, 2022, Defendant, Thompson, as employee, agent, apparent agent and/or servant of Defendants, Hilton and Cole, breached the foregoing duties and was then and there guilty of one or more of the following negligent acts and/or omissions, *inter alia*:

    a.  Thompson drove his tractor-trailer at a speed which was greater than reasonable and proper;

FILED DATE: 2/3/2023 2:11 PM   2023L001159

    b.  Thompson failed to keep a proper lookout for other vehicles upon the roadway;

    c.  Thompson operated the tractor-trailer while distracted;

    d.  Thompson did not maintain control over his tractor-trailer so as to avoid colliding with other vehicles;

    e.  Thompson operated his tractor trailer at an unreasonable speed given the extant road and traffic conditions;

    f.  Thompson failed to timely apply his brakes;

    g.  Thompson failed to take evasive maneuvers to avoid a collision; and

    h.  Thompson failed to exercise the same care and caution that a reasonable prudent person would have exercise under the same or substantially same circumstances.

9. As a direct and proximate result of Thompson's negligence, the vehicle Lena was a passenger in was violently crashed into from the rear when the driver was lawfully stopped in traffic.

10. As a direct and proximate result of one or more of the foregoing acts and/or omissions, Lena sustained permanent and severe personal injuries, incurred and will incur ambulance, hospital, diagnostic, therapeutic, and other medical expenses, suffered and will continue to suffer physical pain, mental suffering, terror, fright, humiliation, loss of enjoyment of life, disability, disfigurement, and sustained other injuries and damages of a personal and pecuniary nature.

11. Accordingly, Defendants, Hilton and Cole, are liable for the aforementioned negligent conduct and the aforementioned damages to Lena, directly and proximately caused by said negligent conduct.

WHEREFORE, Plaintiff, LENA TIRVA, respectfully requests judgment against Defendant, HILTON SPENCERPORT EXPRESS, INC. and THOMAS COLE, and each of them, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus all costs associated with this case, and any other relief this Court deems just.

### *COUNT XXVIII – Negligence – Arrive Logistics, LLC- Lena Tirva*

FILED DATE: 2/3/2023 2:11 PM   2023L001159

1. At all times relevant herein, Arrive was and is a multimodal transportation and technology company headquartered in Austin, Texas and operating from and within the City of Chicago, County of Cook, State of Illinois.

2. At all times relevant herein, Thompson was a professional truck driver and a resident of the Town of Hamlin, County of Monroe, State of New York.

3. Upon information and belief Defendant, Arrive, had entered into and was working pursuant to an agreement with Hilton for the mutual benefit of Arrive and Hilton.

4. On June 1, 2022, Plaintiff, Lena,  was a passenger in a vehicle traveling eastbound on Indiana Toll Road I-80.

5. On June 1, 2022, Thompson was operating a tractor-trailer traveling eastbound on Indiana Toll Road I-80.

6. On June 1, 2022, Thompson was operating the tractor trailer under Hilton's motor carrier operating authority for the mutual benefit of Hilton and Arrive.

7. At all times relevant herein, Defendant, Thompson, was an employee, agent, apparent agent, and/or servant of Defendants, Hilton and Arrive.

8. On and before June 1, 2022, Arrive was subject to the FMCSRs and owed Lena, and others on the roadway, a duty to use reasonable care in the hiring, training, retention, and/or supervision of the drivers chosen to operate it.

9. At all times relevant herein, there was in full force and effect, Parts 382, 383, 384, 390, 391, 392, and 396  of the FMCSRs.

10. On June 1, 2022, Defendant, Arrive, breached the foregoing duties and was negligent in one or more of the following respects, *inter alia*:

    a.   Arrive did not require Thompson to comply with the duties and prohibitions of driver

FILED DATE: 2/3/2023 2:11 PM   2023L001159

regulations in violation of Part 390 of FCMSRs;

b. Arrive operated without adequate safety management controls;

c. Arrive required Thompson to operate its tractor trailer while said driver's ability or alertness was so impaired as to make it unsafe for him to continue to operate it in violation of Part 392 of the FCMSRs;

d. Arrive did not adequately train Thompson when reasonable training would have equipped Thompson with the knowledge and skill to operate and maintain the tractor trailer in a reasonably prudent manner in violation of Part 391 of the FCMSRs;

e. Arrive did not train Thompson on defensive driving techniques, including proper space management;

f. Arrive did not conduct or require pre-trip inspections of its vehicle as required by Part 396 of the FCMSRs;

g. Arrive aided and abetted Thompson's violations of the FCMSRs; and

h. Arrive failed to use the same care and caution that a reasonably prudent person would have exercised under the same or substantially similar circumstances all in violation of 382, 383, 384, 390, 391, 392, and 396 of FCMSRs.

11. As a direct and proximate result of Defendant, Arrive's negligence, the vehicle Lena was a passenger in was violently crashed into from the rear when the driver was lawfully stopped in traffic.

12. As a direct and proximate result of one or more of the foregoing acts and/or omissions, Lena sustained permanent and severe personal injuries, incurred and will incur ambulance, hospital, diagnostic, therapeutic, and other medical expenses, suffered and will continue to suffer physical pain, mental suffering, terror, fright, humiliation, loss of enjoyment of life, disability, disfigurement, and sustained other injuries and damages of a personal and pecuniary nature.

WHEREFORE, Plaintiff, LENA TIRVA, respectfully requests judgment against Defendant, ARRIVE LOGISTICS, LLC, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus all costs associated with this case, and any other relief this Court deems just.

### *COUNT XXIX – Agency – Chasen Thompson,  Arrive Logistics, LLC- Lena Tirva*

1. At all times relevant herein, Defendant, Arrive was and is a multimodal transportation and

FILED DATE: 2/3/2023 2:11 PM   2023L001159

technology company headquartered in Austin, Texas and operating from and within the City of Chicago, County of Cook, State of Illinois.

2. At all times relevant herein, Thompson was a professional truck driver and a resident of the Town of Hamlin, County of Monroe, State of New York.

3. On June 1, 2022, Plaintiff, Lena, was a passenger in a vehicle traveling eastbound on Indiana Toll Road I-80.

4. On June 1, 2022, Thompson was operating a tractor-trailer traveling eastbound on Indiana Toll Road I-80.

5. At all times relevant herein, Defendant, Thompson, was an employee, agent, apparent agent and/or servant of Defendants, Hilton and Arrive.

6. On and before June 1, 2022, Thompson was subject to the Federal Motor Carrier Safety Regulations (hereinafter "FMCSRs") and owed Lena, and others on the roadway, a duty to use reasonable care in the operation of the tractor-trailer he was driving.

7. On June 1, 2022, Defendant, Thompson breached the foregoing duty and was negligent in one or more of the following respects, *inter alia*:

   a. Thompson drove his tractor-trailer at a speed which was greater than reasonable and proper;
   b. Thompson failed to keep a proper lookout for other vehicles upon the roadway;
   c. Thompson operated the tractor-trailer while distracted;
   d. Thompson did not maintain control over his tractor-trailer so as to avoid colliding with other vehicles;
   e. Thompson operated his tractor trailer at an unreasonable speed given the extant road and traffic conditions;
   f. Thompson failed to timely apply his brakes;
   g. Thompson failed to take evasive maneuvers to avoid a collision; and
   h. Thompson failed to exercise the same care and caution that a reasonable prudent person would have exercise under the same or substantially same circumstances.

8. As a direct and proximate result of Defendant, Thompson's negligence, the vehicle Lena was

59

FILED DATE: 2/3/2023 2:11 PM 2023L001159

a passenger in was violently crashed into from the rear when the driver was lawfully stopped in traffic.

9. At the time of the foregoing collision on June 1, 2022, and at all times relevant herein, Thompson was subject to Arrive's control, acting pursuant to its directions and commands, and utilizing Hilton's operating authority and equipment, including the tractor-trailer displaying Hilton's logos, for the joint pecuniary benefit of Hilton and Arrive; Arrive is therefore vicariously liable for Thompson's negligence.

10. As a direct and proximate result of one or more of the foregoing acts and/or omissions, Lena sustained permanent and severe personal injuries, incurred and will incur ambulance, hospital, diagnostic, therapeutic, and other medical expenses, suffered and will continue to suffer physical pain, mental suffering, terror, fright, humiliation, loss of enjoyment of life, disability, disfigurement, and sustained other injuries and damages of a personal and pecuniary nature.

WHEREFORE, Plaintiff, LENA TIRVA respectfully requests judgment against Defendants, CHASEN THOMPSON and ARRIVE LOGISTICS, LLC, and each of them, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus all costs associated with this case, and any other relief this Court deems just.

### *COUNT XXX – Negligence – Chasen Thompson- Lena Tirva*

1. At all times relevant herein, Defendant, Hilton was and is an interstate trucking company with its principal place of business in Kendall, New York.

2. At all times relevant herein, Defendant, Thompson, was a professional truck driver and a resident of the Town of Hamlin, County of Monroe, State of New York.

3. At all times relevant herein, Defendant, Thompson, was an employee, agent, apparent agent,

60

and/or servant of Defendant, Hilton.

4. On June 1, 2022, Plaintiff, Lena, was a passenger in a vehicle traveling eastbound on Indiana Toll Road I-80.

5. On June 1, 2022, Thompson was operating a tractor-trailer traveling eastbound on Indiana Toll Road I-80.

6. On June 1, 2022, Defendant, Thompson, as employee, agent, apparent agent, and/or servant of Defendant, Hilton, breached the foregoing duties and was then and there guilty of one or more of the following negligent acts and/or omissions, *inter alia*:

    a. Thompson drove his tractor-trailer at a speed which was greater than reasonable and proper;
    b. Thompson failed to keep a proper lookout for other vehicles upon the roadway;
    c. Thompson operated the tractor-trailer while distracted;
    d. Thompson did not maintain control over his tractor-trailer so as to avoid colliding with other vehicles;
    e. Thompson operated his tractor trailer at an unreasonable speed given the extant road and traffic conditions;
    f. Thompson failed to timely apply his brakes;
    g. Thompson failed to take evasive maneuvers to avoid a collision; and
    h. Thompson failed to exercise the same care and caution that a reasonable prudent person would have exercise under the same or substantially same circumstances.

7. As a direct and proximate result of Defendant, Thompson's negligence, the vehicle Lena was a passenger in was violently crashed into from the rear when the driver was lawfully stopped in traffic.

8. As a direct and proximate result of one or more of the foregoing acts and/or omissions, Lena sustained permanent and severe personal injuries, incurred and will incur ambulance, hospital, diagnostic, therapeutic, and other medical expenses, suffered and will continue to suffer physical pain, mental suffering, terror, fright, humiliation, loss of enjoyment of life, disability, disfigurement, and sustained other injuries and damages of a personal and

FILED DATE: 2/3/2023 2:11 PM   2023L001159

61

FILED DATE: 2/3/2023 2:11 PM   2023L001159

pecuniary nature.

WHEREFORE, Plaintiff, LENA TIRVA, respectfully requests judgment against Defendant, CHASEN THOMPSON, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus all costs associated with this case, and any other relief this Court deems just.

### *COUNT XXXI – Negligence – Graphic Packaging International, LLC- Lena Tirva*

1. At all time relevant herein, Defendant, GRAPHIC PACKAGING INTERNATIONAL, LLC., (hereinafter "Graphic") was and is a provider of paper-based packaging solutions headquartered in Atlanta, Georgia, and operating from and within the City of Chicago, County of Cook and State of Illinois.

2. At all times relevant herein, Arrive was and is a multimodal transportation and technology company headquartered in Austin, Texas and operating from and within the City of Chicago, County of Cook, State of Illinois.

3. At all times relevant herein, Thompson was a professional truck driver and a resident of the Town of Hamlin, County of Monroe, State of New York.

4. Upon information and belief  Defendants, Graphic and Arrive, had entered into and were working pursuant to an agreement with Hilton for the mutual benefit of Graphic, Arrive and Hilton.

5. On June 1, 2022, Plaintiff, Lena, was a passenger in a vehicle traveling eastbound on Indiana Toll Road I-80.

6. On June 1, 2022, Thompson was operating a tractor-trailer traveling eastbound on Indiana Toll Road I-80.

7. At all times relevant herein, Defendant, Thompson, was an employee, agent, apparent agent, and/or servant of Defendants, Hilton, Arrive and Graphic.

FILED DATE: 2/3/2023 2:11 PM   2023L001159

8. On June 1, 2022, Thompson was operating the tractor trailer under Hilton's motor carrier operating authority for the mutual benefit of Hilton, Arrive and Graphic.

9. On and before June 1, 2022, Graphic was subject to the FMCSRs and owed Lena, and others on the roadway, a duty to use reasonable care in the hiring, training, retention, and/or supervision of the drivers chosen to operate it.

10. At all times relevant herein, there was in full force and effect, Parts 382, 383, 384, 390, 391, 392, and 396 of the FMCSRs.

11. On June 1, 2022, Defendant, Graphic, breached the foregoing duties and was negligent in one or more of the following respects, *inter alia*:

    a. Graphic did not require Thompson to comply with the duties and prohibitions of driver regulations in violation of Part 390 of FCMSRs;

    b. Graphic operated without adequate safety management controls;

    c. Graphic required Thompson to operate its tractor trailer while said driver's ability or alertness was so impaired as to make it unsafe for him to continue to operate it in violation of Part 392 of the FCMSRs;

    d. Graphic did not adequately train Thompson when reasonable training would have equipped Thompson with the knowledge and skill to operate and maintain the tractor trailer in a reasonably prudent manner in violation of Part 391 of the FCMSRs;

    e. Graphic did not train Thompson on defensive driving techniques, including proper space management;

    f. Graphic did not conduct or require pre-trip inspections of its vehicle as required by Part 396 of the FCMSRs;

    g. Graphic aided and abetted Thompson's violations of the FCMSRs; and

    h. Graphic failed to use the same care and caution that a reasonably prudent person would have exercised under the same or substantially similar circumstances all in violation of 382, 383, 384, 390, 391, 392, and 396 of FCMSRs.

12. As a direct and proximate result of Defendant, Graphic's negligence, the vehicle Lena was a passenger in was violently crashed into from the rear when the driver was lawfully stopped in traffic.

13. As a direct and proximate result of one or more of the foregoing acts and/or omissions,

FILED DATE: 2/3/2023 2:11 PM   2023L001159

Lena sustained permanent and severe personal injuries, incurred and will incur ambulance, hospital, diagnostic, therapeutic, and other medical expenses, suffered and will continue to suffer physical pain, mental suffering, terror, fright, humiliation, loss of enjoyment of life, disability, disfigurement, and sustained other injuries and damages of a personal and pecuniary nature.

WHEREFORE, Plaintiff, LENA TIRVA, respectfully requests judgment against Defendant, GRAPHIC PACKAGING INTERNATIONAL, LLC, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus all costs associated with this case, and any other relief this Court deems just.

### COUNT XXXII – Agency – Chasen Thompson, Graphic Packaging International, LLC- Lena Tirva

1. At all time relevant herein, Defendant, Graphic, was and is a provider of paper-based packaging solutions headquartered in Atlanta, Georgia, and operating from and within the City of Chicago, County of Cook and State of Illinois.

2. At all times relevant herein, Defendant, Arrive was and is a multimodal transportation and technology company headquartered in Austin, Texas and operating from and within the City of Chicago, County of Cook, State of Illinois.

3. At all times relevant herein, Thompson was a professional truck driver and a resident of the Town of Hamlin, County of Monroe, State of New York.

4. On June 1, 2022, Plaintiff, Lena, was a passenger in a vehicle traveling eastbound on Indiana Toll Road I-80.

5. On June 1, 2022, Thompson was operating a tractor-trailer traveling eastbound on Indiana Toll Road I-80.

FILED DATE: 2/3/2023 2:11 PM   2023L001159

6.  At all times relevant herein, Defendant, Thompson, was an employee, agent, apparent agent, and/or servant of Defendants, Hilton, Arrive and Graphic.

7.  On and before June 1, 2022, Thompson was subject to the Federal Motor Carrier Safety Regulations (hereinafter "FMCSRs") and owed Lena, and others on the roadway, a duty to use reasonable care in the operation of the tractor-trailer he was driving.

8.  On June 1, 2022, Defendant, Thompson breached the foregoing duty and was negligent in one or more of the following respects, *inter alia*:

    a.  Thompson drove his tractor-trailer at a speed which was greater than reasonable and proper;
    b.  Thompson failed to keep a proper lookout for other vehicles upon the roadway;
    c.  Thompson operated the tractor-trailer while distracted;
    d.  Thompson did not maintain control over his tractor-trailer so as to avoid colliding with other vehicles;
    e.  Thompson operated his tractor trailer at an unreasonable speed given the extant road and traffic conditions;
    f.  Thompson failed to timely apply his brakes;
    g.  Thompson failed to take evasive maneuvers to avoid a collision; and
    h.  Thompson failed to exercise the same care and caution that a reasonable prudent person would have exercise under the same or substantially same circumstances.

9.  As a direct and proximate result of Defendant, Thompson's negligence, the vehicle Lena was a passenger in was violently crashed into from the rear when the driver was lawfully stopped in traffic.

10. As a direct and proximate result of one or more of the foregoing acts and/or omissions, Lena sustained permanent and severe personal injuries, incurred and will incur ambulance, hospital, diagnostic, therapeutic, and other medical expenses, suffered and will continue to suffer physical pain, mental suffering, terror, fright, humiliation, loss of enjoyment of life, disability, disfigurement, and sustained other injuries and damages of a personal and pecuniary nature.

FILED DATE: 2/3/2023 2:11 PM   2023L001159

11. At the time of the foregoing collision on June 1, 2022, and at all times relevant herein, Thompson was subject to Graphic's control, acting pursuant to its directions and commands, and utilizing Hilton and Arrive's operating authority and equipment, including the tractor-trailer displaying Hilton's logos, for the joint pecuniary benefit of Hilton, Arrive and Graphic; Graphic is therefore vicariously liable for Thompson's negligence.

WHEREFORE, Plaintiff, LENA TIRVA, respectfully requests judgment against Defendants, CHASEN THOMPSON and GRAPHIC PACKAGING INTERNATIONAL, LLC, and each of them, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus all costs associated with this case, and any other relief this Court deems just.

Respectfully submitted,
COSTELLO, McMAHON, GILBRETH & MURPHY, LTD.


By: _____*Karen A. Enright*_____
Attorneys for Plaintiff


COSTELLO, McMAHON, GILBRETH & MURPHY, LTD.
150 North Wacker Drive, Suite 3050
Chicago, Illinois 60606-1660
(312) 541-9700
Cook County ID #62049
service@costella.com

By: Karen A. Enright

2420-Served By Publication
2421-Served By Publication
**SUMMONS**

2321-Not Served
2321-Served By Mail
2421-Not Served
2421-Served By Mail
**ALIAS SUMMONS**

FILED DATE: 2/3/2023 2:11 PM    2023L001159

FILED
2/3/2023 2:11 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023L001159
Calendar, D
21332106

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | |
|---|---|
| DONNA TIRVA as Independent Administrator of the Estate of JACQUELINE LUCZAK, deceased, DONNA TIRVA and LEO TIRVA, as Parents and Next Friends of DELILAH TIRVA, a minor, DONNA TIRVA, Individually, and LENA TIRVA, Individually, and each of them, | ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) No. ) |
| HILTON SPENCERPORT EXPRESS, INC. a New York Corporation; ARRIVE LOGISTICS, LLC, a Texas Corporation; THOMAS COLE, a New York resident, Individually and as employee, agent, and/or servant of HILTON SPENCERPORT EXPRESS, INC. and ARRIVE LOGISTICS, LLC, CHASEN THOMPSON, a New York resident, Individually, and as employee, agent, and/or servant of HILTON SPENCERPORT EXPRESS, INC., ARRIVE LOGISTICS, LLC, and GRAPHIC PACKAGING INTERNATIONAL, LLC and GRAPHIC PACKAGING INTERNATIONAL,  LLC, Individually, and each of them, | ) ) Please Serve: ) Chasen Thompson ) 5 Barringer Drive ) Hamlin, NY 14464 ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**SUMMONS**

To Defendant:

        **YOU ARE SUMMONED** and required to file an answer in this case, or otherwise file your appearance in the office of the clerk of this court (located in the Richard J. Daley Center, Room *801, Chicago, IL 60602) within 30 Days after service of this summons, not counting the day of service. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.
**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:
This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit https://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp.

2/3/2023 2:11 PM IRIS Y. MARTINEZ

WITNESS........................................................., 2023

.............................................................
Clerk of Court

Atty No.: 62049
Atty Name: Karen A. Enright, Esq.
Name: COSTELLO, MCMAHON, GILBRETH & MURPHY, LTD.
Address: 150 N. Wacker Drive, Suite 3050
City: Chicago, IL 60606
Phone: (312) 541-9700
primary email: service@costellaw.com

Date of Service ......................., 2023
(To be inserted by officer on copy left
with Defendant or other person)

**IRIS MARTINEZ, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

All Law Division initial Case Management Dates will be heard via ZOOM.
For more information and Zoom Meeting ID's go to https://www.cookcountycourt.org/HOME/Zoom-Links/Argld=992 Select Tab/13
Remote Court Date: 4/4/2023 10:00 AM

2420-Served by Publication    2321-Served By Mail
**SUMMONS**    **ALIAS SUMMONS**

2320-Not Served
2321-Not Served
2421-Served By Publication

FILED
2/3/2023 2:11 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023L001159
Calendar, D
21332106

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | |
|---|---|
| DONNA TIRVA as Independent Administrator of the Estate of JACQUELINE LUCZAK, deceased, DONNA TIRVA and LEO TIRVA, as Parents and Next Friends of DELILAH TIRVA, a minor, DONNA TIRVA, Individually, and LENA TIRVA, Individually, and each of them, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. ) |
| HILTON SPENCERPORT EXPRESS, INC. a New York Corporation; ARRIVE LOGISTICS, LLC, a Texas Corporation; THOMAS COLE, a New York resident, Individually and as employee, agent, and/or servant of HILTON SPENCERPORT EXPRESS, INC. and ARRIVE LOGISTICS, LLC, CHASEN THOMPSON, a New York resident, Individually, and as employee, agent, and/or servant of HILTON SPENCERPORT EXPRESS, INC., ARRIVE LOGISTICS, LLC, and GRAPHIC PACKAGING INTERNATIONAL, LLC and GRAPHIC PACKAGING INTERNATIONAL, LLC, Individually, and each of them, | ) ) Please Serve: ) Hilton Spencerport Express, Inc. ) c/o R/A Thomas Cole ) 16864 Kenmor Road ) Kendall, NY 14476 ) ) ) ) ) ) ) |
| Defendants. | ) |

## SUMMONS

To Defendant:

    **YOU ARE SUMMONED** and required to file an answer in this case, or otherwise file your appearance in the office of the clerk of this court (located in the Richard J. Daley Center, Room *801, Chicago, IL 60602) within 30 Days after service of this summons, not counting the day of service. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.
**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit https://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp.

2/3/2023 2:11 PM IRIS Y. MARTINEZ

WITNESS........................................................, 2023

..............................................

Atty No.: 62049
Atty Name: Karen A. Enright, Esq.
Name: COSTELLO, MCMAHON, GILBRETH & MURPHY, LTD.
Address: 150 N. Wacker Drive, Suite 3050
City: Chicago, IL 60606
Phone: (312) 541-9700
primary email: service@costellaw.com

Date of Service:.................., 2023
(To be inserted by officer on copy left
with Defendant or other person)

**IRIS MARTINEZ, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

FILED DATE: 2/3/2023 2:11 PM  2023L001159

All Law Division initial Case Management Dates will be heard via ZOOM.
For more information and Zoom Meeting IDs, go to https://www.cookcountycourt.org/HOME/Zoom-Links/Agg4996? SelectTab/12
Remote Court date: 4/4/2023 10:00 AM

2420-Served By Publication          2421-Served By Publication
**SUMMONS**                         **ALIAS SUMMONS**

2320-No Service
2321-Served By Mail
2320-No Service
2321-Served By Mail

Case: 3:23-cv-00483-JRG-CRC   document 1-2   filed 03/02/23   page 70 of 74

FILED
2/3/2023 2:11 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023L001159
Calendar, D
21332106

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

|  |  |
|---|---|
| DONNA TIRVA as Independent Administrator of the Estate of JACQUELINE LUCZAK, deceased, DONNA TIRVA and LEO TIRVA, as Parents and Next Friends of DELILAH TIRVA, a minor, DONNA TIRVA, Individually, and LENA TIRVA, Individually, and each of them | ) ) ) ) ) |
|  | ) |
| Plaintiffs, | ) |
|  | ) |
| v. | ) |
|  | ) |
| HILTON SPENCERPORT EXPRESS, INC. a New York Corporation; ARRIVE LOGISTICS, LLC, a Texas Corporation; THOMAS COLE, a New York resident, Individually and as employee, agent, and/or servant of HILTON SPENCERPORT EXPRESS, INC. and ARRIVE LOGISTICS, LLC, CHASEN THOMPSON, a New York resident, Individually, and as employee, agent, and/or servant of HILTON SPENCERPORT EXPRESS, INC., ARRIVE LOGISTICS, LLC, and GRAPHIC PACKAGING INTERNATIONAL, LLC and GRAPHIC PACKAGING INTERNATIONAL, LLC, Individually, and each of them, | ) ) ) ) ) ) ) ) ) ) ) ) |
|  | ) |
| Defendants. | ) |

No.

Please Serve:
Graphic Packaging International, LLC
c/o R/A Illinois Corp Service Co.
801 Adlai Stevenson Drive
Springfield, IL 62703

**SUMMONS**

To Defendant:

     **YOU ARE SUMMONED** and required to file an answer in this case, or otherwise file your appearance in the office of the clerk of this court (located in the Richard J. Daley Center, Room *801, Chicago, IL 60602) within 30 Days after service of this summons, not counting the day of service. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.
**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:
This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit https://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp.

2/3/2023 2:11 PM IRIS Y. MARTINEZ

WITNESS......................................................., 2023

...................................................
Clerk of Court

Atty No.: 62049
Atty Name: Karen A. Enright, Esq.
Name: COSTELLO, MCMAHON, GILBRETH & MURPHY, LTD.
Address: 150 N. Wacker Drive, Suite 3050
City: Chicago, IL 60606
Phone: (312) 541-9700
primary email: service@costellaw.com

Date of Service:..................., 2023
(To be inserted by officer on copy left
with Defendant or other person)

**IRIS MARTINEZ, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

FILED DATE: 2/3/2023 2:11 PM   2023L001159

FILED DATE: 2/3/2023 2:11 PM 2023L001159

2420-Served By Publication
2421-Served By Publication
**SUMMONS**
**ALIAS SUMMONS**
2321-No Service
2321-Served By Mail

FILED
2/3/2023 2:11 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023L001159
Calendar, D
21332106

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | |
|---|---|
| DONNA TIRVA as Independent Administrator of the Estate of JACQUELINE LUCZAK, deceased, DONNA TIRVA and LEO TIRVA, as Parents and Next Friends of DELILAH TIRVA, a minor, DONNA TIRVA, Individually, and LENA TIRVA, Individually, and each of them, <br><br> Plaintiffs, <br><br> v. <br><br> HILTON SPENCERPORT EXPRESS, INC. a New York Corporation; ARRIVE LOGISTICS, LLC, a Texas Corporation; THOMAS COLE, a New York resident, Individually and as employee, agent, and/or servant of HILTON SPENCERPORT EXPRESS, INC. and ARRIVE LOGISTICS, LLC, CHASEN THOMPSON, a New York resident, Individually, and as employee, agent, and/or servant of HILTON SPENCERPORT EXPRESS, INC., ARRIVE LOGISTICS, LLC, and GRAPHIC PACKAGING INTERNATIONAL, LLC and GRAPHIC PACKAGING INTERNATIONAL, LLC, Individually, and each of them, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> No. <br><br> Please Serve: <br> Thomas Cole <br> 16864 Kenmor Road <br> Kendall, NY 14476 |

**SUMMONS**

To Defendant:

    **YOU ARE SUMMONED** and required to file an answer in this case, or otherwise file your appearance in the office of the clerk of this court (located in the Richard J. Daley Center, Room *801, Chicago, IL 60602) within 30 Days after service of this summons, not counting the day of service. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.
**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit https://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp.

2/3/2023 2:11 PM IRIS Y. MARTINEZ

WITNESS................................................................, 2023

................................................................

Atty No.: 62049
Atty Name: Karen A. Enright, Esq.
Name: COSTELLO, MCMAHON, GILBRETH & MURPHY, LTD.
Address: 150 N. Wacker Drive, Suite 3050
City: Chicago, IL 60606
Phone: (312) 541-9700
primary email: service@costellaw.com

Date of Service:...................., 2023
(To be inserted by officer on copy left with Defendant or other person)

**IRIS MARTINEZ, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

2420-Served By Publication
2421-Served By Publication
**SUMMONS**
2321-Not Served
2321-Served By Mail
2421-Served By Publication
**ALIAS SUMMONS**

1:23-cv-00483-JPC-GRC   document 1-2   filed 03/02/23   page 72 of 74

FILED
2/3/2023 2:11 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023L001159
Calendar, D
21332106

FILED DATE: 2/3/2023 2:11 PM   2023L001159

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

DONNA TIRVA as Independent Administrator of the Estate of JACQUELINE )
LUCZAK, deceased, DONNA TIRVA and LEO TIRVA, as Parents and )
Next Friends of DELILAH TIRVA, a minor, DONNA TIRVA, Individually, and )
LENA TIRVA, Individually, and each of them )
)
Plaintiffs, )
)                    No.
v. )
)    Please Serve:
HILTON SPENCERPORT EXPRESS, INC. a New York Corporation; ARRIVE )    Arrive Logistics, LLC
LOGISTICS, LLC, a Texas Corporation; THOMAS COLE, a New York resident, )    c/o R/A CT Corporation System
Individually and as employee, agent, and/or servant of HILTON SPENCERPORT )    208 South LaSalle Street
EXPRESS, INC. and ARRIVE LOGISTICS, LLC, CHASEN THOMPSON, a )    Suite 814
New York resident, Individually, and as employee, agent, and/or servant of HILTON )    Chicago, IL 60604
SPENCERPORT EXPRESS, INC., ARRIVE LOGISTICS, LLC, and GRAPHIC )
PACKAGING INTERNATIONAL, LLC and GRAPHIC PACKAGING )
 INTERNATIONAL,  LLC, Individually, and each of them, )
)
Defendants. )

### SUMMONS

To Defendant:

   **YOU ARE SUMMONED** and required to file an answer in this case, or otherwise file your appearance in the office of the clerk of this court (located in the Richard J. Daley Center, Room *801, Chicago, IL 60602) within 30 Days after service of this summons, not counting the day of service. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.
**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:
This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit https://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp.          2/3/2023 2:11 PM IRIS Y. MARTINEZ

WITNESS........................................................, 2023

..................................................

Atty No.: 62049
Atty Name: Karen A. Enright, Esq.
Name: COSTELLO, MCMAHON, GILBRETH & MURPHY, LTD.        Date of Service:..................., 2023
Address: 150 N. Wacker Drive, Suite 3050
City: Chicago, IL 60606                    (To be inserted by officer on copy left
Phone: (312) 541-9700                     with Defendant or other person)
primary email: service@costellaw.com

### IRIS MARTINEZ, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

FILED
3/1/2023 2:46 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023L001159
Calendar, D
21671321

**Appearance/Jury Demand** **(05/03/21) CCL 0530**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

Donna Tirva, as Independent Administrator of the
Estate of Jacqueline Luczak

|  |  |
|---|---|
| **Plaintiff** | Case No. ___23 L 1159___ |
| **v.** | Calendar: ___D___ |
| Hilton Spencerfort Express, Inc., et al. | |
| **Defendant** | |

## APPEARANCE/JURY DEMAND

☑ **General Appearance**
  ◉ 0900 - Appearance - Fee Paid
  ○ 0909 - Appearance- No Fee
  ○ 0904 - Appearance Filed - Fee Waived

☐ **Jury Demand**
  ◉ 1900 - Appearance & Jury Demand - Fee Paid
  ○ 1909 - Appearance & Jury Demand - No Fee

The undersigned enters the appearance of:   ○ **Plaintiff**  ◉ **Defendant**
  ○ **Additional Party**
  ○ **Respondent-in-discovery**

Defendants Hilton Spencerfort Express, Inc. and Thomas Cole

_____

**Litigant's Name**

/s/ Jeffrey E. Kehl
_____
**Signature**

☑ **INITIAL COUNSEL OF RECORD**   ☐ **PRO SE**
☐ **ADDITIONAL APPEARANCE**   ☐ **SUBSTITUTE APPEARANCE**

**A copy of this appearance shall be given to all parties who have appeared and have not been found by the Court to be in default.**

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

FILED DATE: 3/1/2023 2:46 PM   2023L001159

**Appearance/Jury Demand**                                          (05/03/21) CCL 0530

FILED DATE: 3/1/2023 2:46 PM    2023L001159

● **Atty. No.:** 99901 _____    ○ **Pro Se 99500**

**Name:** Jeffrey E. Kehl/Downey & Lenkov LLC

**Atty. for (if applicable):**

Defendants Hilton Spencerfort and Thomas Cole

**Address:** 30 North LaSalle Street, Suite 3600

**City:** Chicago

**State:** IL    **Zip:** 60602

**Telephone:** 312-377-1501

**Primary Email:** jkehl@dl-firm.com

**Pro Se Only:**

☐  **I have read and agree to the terms of the Clerk's Office Electronic Notice Policy and choose to opt in to electronic notice from the Clerk's office for this case at this email address:**

_____

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 2 of 2