UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| DOLORES KALLAS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 3:22CV838-PPS/MGG |
| | ) | |
| CHASEN THOMPSON, et al., | ) | |
| | ) | |
| Defendants | ) | |
| ------------------------------------------------ | | Consolidated with: |
| DONNA TIRVA, etc., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 3:23CV483-PPS/MGG |
| | ) | |
| HILTON SPENCERPORT EXPRESS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

On June 1, 2022, there was a serious traffic accident on the Indiana Toll Road involving a semi that plowed into a line of cars that had slowed due to construction work. Five vehicles were hit and there were two fatalities. *See* https://content.govdelivery.com/accounts/INPOLICE/bulletins/31a7244. A number of lawsuits have been filed relating to the accident. One of the victims killed was Jacqueline Luczak. She was traveling in a car with her daughter, Donna Tirva, and two granddaughters Delilah and Lena, Donna's daughters. In addition to Jacqueline's fatal injuries, Delilah, Lena and Donna were all seriously injured in the accident. Donna Tirva filed this lawsuit in Cook County, Illinois, as the administrator of her mom's estate. Also named as plaintiffs are

Donna individually, her husband Leo Tirva, and the two daughters. The *Tirva* complaint named six defendants:

- Hilton Spencerport Express, Inc., the interstate trucking company that operated the semi;

- Arrive Logistics, LLC, the logistics broker who contracted for the semi with Hilton;

- Thomas Cole, the owner of Hilton Spencerport;

- Chasen Thompson, the driver of the semi; and

- Graphic Packaging International, LLC, the owner of the product load in the semi.

[Case 3:23CV483, DE 1-2.]

On March 2, 2023, the *Tirva* case was removed from state court in Illinois to the U.S. District Court for the Northern District of Illinois by defendants Hilton Spencerport and Thomas Cole. [Case 3:23CV483, DE 1]  Federal removal jurisdiction was predicated on diversity of citizenship, with Hilton and Cole alleging their citizenship in New York, and alleging that the Tirva plaintiffs are all citizens either of Illinois or Ohio.  [Case 3:23CV483, DE 1 at 5.]  The notice of removal made no assertions as to the citizenship of the other defendants. Graphic Packaging later filed a notice of its consent to the removal, explaining its citizenship in the states of Delaware and Georgia, and averring on information and belief that defendant Thompson is a citizen of New York and Arrive Logistics is a citizen of Texas.[1]  [3:23CV483, DE 10 at 2.]  Defendant Chasen Thompson

---

[1] A party may plead such facts "upon information and belief" if the information is outside of its control.  *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 444 (7th Cir. 2011).

also filed a consent and joinder to the removal, although it contained no statement as to his citizenship.  [3:23CV483, DE 21.]

Arrive Logistics joined in the removal "on the alternative basis of the presence of federal question jurisdiction."  [3:23CV483, DE 16 at 1.][2]  In that filing, Arrive asserted that it is "a licensed freight broker which arranges the transportation of goods through both intrastate and interstate commerce and the claims advanced relate to the services provided by Arrive."  [*Id*. at 4.]  Arrive contended that removal of the claims against it was supported by two federal statutes that "expressly preempt state law claims against freight brokers."  [*Id*. at 5.]  Arrive's joinder makes no assertion about its citizenship for diversity purposes.

Shortly after removal, Hilton and Cole moved to dismiss the *Tirva* case for lack of personal jurisdiction.  [3:23CV483, DE 6, 7.]  In the alternative, the motion sought transfer to this court and referenced consolidation with the *Kallas* case already pending here.  [3:23CV483, DE 7 at 7.]  The other defendants followed suit with similar motions of their own.  [3:23CV483, DE 25, 26, 27, 28.]  After all the parties communicated their agreement to transfer to this court, Judge Kennelly of the Northern District of Illinois effected the transfer on May 16, 2023.  [3:23CV483, DE 29, 30.]  After the *Tirva* case's arrival here, it was consolidated with *Kallas* on June 20, 2023.  [3:23CV483, DE 41; 3:22CV838, DE 22.]

---

[2] Arrive also asserted that it was improperly named and that it would be correctly identified as DM Trans, LLC d/b/a Arrive Logistics.  [*Id*.]

3

In a hearing before Magistrate Judge Gotsch on an unrelated motion, the parties raised questions about federal jurisdiction over the *Tirva* case. [3:22CV838, DE 35 at 1.] Judge Gotsch ordered the filing of position statements on the jurisdictional issue. [*Id*.] The matter is now before me for determination. The *Tirva* plaintiffs represent that they are all citizens of Illinois and that, based on information received from Arrive's counsel, "at least one member of DM Trans, LLC d/b/a Arrive Logistics is an Illinois citizen." [3:22CV838, DE 36 at 1-2.] The *Tirva* plaintiffs suggest that the lack of complete diversity between the plaintiffs and defendants of the *Tirva* complaint requires remand of the *Tirva* complaint to Cook County Circuit Court. [3:22CV838, DE 1-3.] Without addressing its citizenship head-on, Arrive appears to concede in its position statement on jurisdiction that it is non-diverse from the *Tirva* plaintiffs. [3:22CV838, DE 37 at 3.]

Since the consolidation, the *Kallas* and *Tirva* proceedings continue to be governed by their separate pleadings, in which the plaintiffs obviously are different. The defendants are not identical either. In the *Kallas* matter, an amended complaint names three additional defendants—N.I. Spanos Painting, Inc., ITR Concession Company LLC, and Traffic Control Specialists, LLC—parties allegedly responsible for the construction back-up that was the scene of the Toll Road accident. [3:22CV838, DE 12.] *Tirva* defendants Arrive Logistics, Thomas Cole and Graphics Packaging are not sued by Kallas. [*Id*.] On June 26, 2023, the *Tirva* plaintiffs sought leave to amend their complaint for several purposes, to update the identification of Arrive Logistics to "DM Trans, LLC d/b/a Arrive Logistics," and to add defendants N.I. Spanos Painting Inc.,

4

ITR Concession Company LLC, Traffic Control Specialists, LLC, and Traffic Control Specialists Holdings, Inc.  [3:22CV838, DE 25 at 2.]  Judge Gotsch denied the motion without prejudice for deficiency in the citizenship allegations though the pleading claimed diversity jurisdiction. [3:22CV838, DE 26 at 2.]  The *Tirva* plaintiffs have not renewed their effort to amend.  As a result, Arrive Logistics remains the named defendant, not DM Trans.[3]

All of this raises the question of whether the *Tirva* complaint was properly removed in the first place.  A civil case brought in state court may be removed only if the federal court would have subject matter jurisdiction over the case if it had been originally filed in federal court.  28 U.S.C. §1441(a).  "[T]he party seeking to invoke federal jurisdiction bears the burden of demonstrating that the requirements for diversity are met."  *Smart v. Local 72 Int'l Broth. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009).  In order to bear its burden of demonstrating federal jurisdiction, the party removing a case on diversity grounds must address the citizenship of each of the parties, not only its own.  *Smart*, 562 F.3d at 803, quoting *Hart v. FedEx Ground Package Sys., Inc.*, 457 F.3d 675, 676 (7th Cir. 2006) (the removing party must establish complete diversity, "meaning that no plaintiff may be from the same state as any defendant"); *Lim v. Metcalf & Assoc., P.C.*, 22-cv-323-wmc, 2022 WL 17261402, at *2 (W.D.Wisc.  Nov. 29, 2022);  *LaRoe v. Cassens & Sons, Inc.*, 472 F.Supp.2d 1039, 1040, 1041 (S.D.Ill 2006).

---

[3] Query whether the citizenship of Arrive and DM Trans is the same, but in any event no one is suggesting there exists complete diversity between the *Tirva* plaintiffs and defendants.  I will construe the jurisdiction brief filed by "DM Trans, LLC d/b/a Arrive Logistics" as expressing the position of the named defendant Arrive Logistics.

Hilton and Cole did not satisfy their burden of establishing subject matter jurisdiction in their notice of removal. While they claimed there was diversity jurisdiction, they failed to address the citizenship of any defendants but themselves. [3:23 cv 483, DE 1].  Oddly, Hilton and Cole suggest this is permissible under 28 U.S.C. §1441(b)(2), which provides:  "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  This is colloquially known as the home state defendant rule.  It prohibits a local defendant from removing a case to federal court. The reasoning behind the rule is that a local defendant need not be able to remove because it should have "nothing to fear in his home-state court[.]" *Grandinetti v. Uber Technolgies Inc.*, 476 F.Supp.3d 747, 753 (N.D. Ill. 2020).

Hilton and Cole seemingly attempt to turn this provision on its head by reading a provision *that prohibits* removal into a provision that gives *permission to remove* without regard to the citizenship of parties not yet "properly joined and served," as though it permits removal on the basis of diversity even where the parties are not all diverse, so long as the removing defendant has out-of-forum citizenship and files the removal before any non-diverse defendant has been served.  Besides being an illogical construction of the language of §1441(b)(2), such a reading is inconsistent with the doctrine of complete diversity, and ignores what must happen if a non-diverse defendant is later served and appears, clearly destroying diversity jurisdiction.  Note

6

that §1447(c) mandates remand "at any time before final judgment [if] it appears that the district court lacks subject matter jurisdiction." *Rubel v. Pfizer Inc.*, 361 F.3d 1016, 1019 (7th Cir. 2004) ("When the papers filed in the district court do not establish subject-matter jurisdiction, remand is obligatory.").

Instead, the purpose of the "properly joined and served" requirement is to prevent a wily plaintiff from blocking a justified diversity removal by naming an in-state defendant with no intention to proceed against them. *Vivas v. Boeing*, 486 F.Supp.2d 726, 734 (N.D.Ill. 2007). To interpret §1441(b)(2) as Hilton and Cole do "would frustrate the consistent efforts of both Congress and the courts to determine diversity jurisdiction based on the genuine interests of the parties to the controversy," and permit a manipulation of the removal statutes. *Id*. The Seventh Circuit has "admonished parties that they cannot 'merely allege diversity of citizenship without identifying the [parties'] states of citizenship,' for that is no better than a 'bare assertion that the defendants are citizens of "another state different from the Plaintiff."'" *Dancel v. Groupon, Inc.*, 940 F.3d 381, 385 (7th Cir. 2019), quoting *Dalton v. Teva N. Am.*, 891 F.3d 687, 690 (7th Cir. 2018).

So Hilton and Cole invoked diversity jurisdiction but did not bear their burden of demonstrating that there was complete diversity of citizenship among the parties. But for reasons that are not clear, the *Tirva* plaintiffs did not timely file a motion to remand. Although the *Tirva* plaintiffs may have waived procedural defects in removal, subject matter jurisdiction cannot be waived and I am responsible throughout the case

7

for insuring its existence and must remand the case if I find that subject matter jurisdiction is lacking.  28 U.S.C. §1447(c).  "Whether a party has failed to demonstrate diversity... is distinct from whether diversity in fact existed, and only the latter is a question of subject-matter jurisdiction that cannot be waived." *Dancel*, 940 F.3d at 384 (internal quotation and citation omitted).  While the record does not clearly and unequivocally establish the citizenship of defendants Thompson or Arrive, it at least strongly suggests that Arrive is a non-diverse defendant.  In sum, based on the record before me, I find that the basis asserted for federal jurisdiction in the first place has never been supported.

So does this mean that I should remand the case to Cook County Circuit Court? Not so fast, says Arrive. It suggests that even if its citizenship is not diverse from the *Tirva* plaintiffs, there exists an alternative basis for exercising federal jurisdiction over the claims against it.  The posture of the jurisdictional question is atypical, to say the least, with no motion before me, which obscures where the burden lies.  Of course, Arrive is not the party which invoked federal jurisdiction in the first place, but as it now puts itself in that position, I think it's fair to treat the burden as theirs.  As *Tirva* is here by way of removal, I am also mindful that removal jurisdiction is narrowly construed and that any doubts about its propriety are to be resolved in favor of remand.  *Wirtz Corp. v. United Distillers & Vintners NA, Inc.*, 224 F.3d 708, 715-16 (7th Cir. 2000)

Arrive's contention is that the claims against it were subject to removal based on federal question jurisdiction because the Tirvas' state law negligence claims are

8

preempted by the Federal Aviation Administration Authorization Act (or FAAAA for short). [DE 37 at 2.] Arrive says it is "a property broker which arranged the transportation of the shipment that [Hilton] was transporting at the time of the subject accident" [*id.*], and that the Tirvas' claims under state law are preempted by 49 U.S.C. §14501(c)(1), which precludes certain state laws related to "any motor private carrier, broker, or freight forwarder with respect to the transportation of property." For present purposes, I need not delve into the merits of the preemption argument, but instead focus on the jurisdictional implications, if any. And that focus, once identified, makes relatively quick work of Arrive's contention.

Of the several types of federal preemption of state law claims, only the most robust, often appropriately referred to as "complete preemption," actually creates federal question jurisdiction where it did not otherwise exist and makes for an exception to the well-pleaded complaint rule. *Smart*, 562 F.3d at 803. "Complete preemption applies only when 'Congress has clearly manifested an intent to make causes of action ... removable to federal court.'" *Johnson v. American Towers, LLC*, 781 F.3d 693, 702 (4th Cir. 2015), quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987). Other types of preemption merely function as a defense to a state law claim without independently creating federal question jurisdiction. "[F]ederal preemption ordinarily does not provide a basis for asserting federal jurisdiction over a claim." *Smart*, 562 F.3d at 803.

FAAAA preemption is of the variety known as "express" preemption, which falls short of creating federal jurisdiction. "[C]omplete preemption and express preemption are different animals." *Johnson*, 781 F.3d at 701. Whereas "complete preemption is a 'jurisdictional doctrine,'…'ordinary preemption simply declares the primacy of federal law, regardless of the forum or the claim.'" *Id.,* quoting *Lontz v. Tharp*, 413 F.3d 435, 440 (4th Cir. 2005). "Only 'complete' preemption affects federal subject matter jurisdiction." *Vorhees v. Naper Aero Club, Inc.*, 272 F.3d 398, 403 (7th Cir. 2001). Arrive ignores the importance of the type of federal preemption, summarily suggesting that its preemption argument (presuming its merit) fills the jurisdictional gap created by the apparent lack of diverse citizenship between the Tirvas and Arrive.

Arrive puts much stock in the recent decision of the Seventh Circuit in *Ye v. Global Tranz Enterprises, Inc.*, 74 F.4th 453 (7th Cir. 2023). In *Ye*, the Seventh Circuit held that the FAAAA preempted a negligence action against a freight broker which hired the motor carrier whose driver caused a fatal accident. *Id*. at 460. Setting aside for now the question whether *Ye* supports the application of FAAAA preemption to the Tirvas' claims against Arrive, the 7th Circuit's decision repeatedly reiterates the widespread conclusion that, of the three species of federal preemption, FAAAA preemption is "express" preemption. *Id*. at 456, 457, 460, 461, 462, 464, 465. And express preemption does not create federal question jurisdiction and so does not support removal to federal court of a non-diverse state law claim from state court. *Butero v. Royal Maccabees Life Ins. Co.*, 174 F.3d 1207, 1212 (11th Cir. 1999); *Graham v. Hubbs Mach. and Mfg., Inc.*, 49

10

F.Supp.3d 600, 609 (E.D.Mo. 2014) (express preemption, as opposed to complete preemption does not support removal to federal court and does not help determine federal subject-matter jurisdiction); *Johnson v. Decor Fabrics, Inc.*, 250 F.R.D. 323, 328 (M.D.Tenn. 2008) (express preemption "does *not* confer federal subject matter jurisdiction" (emphasis in original)); *Cantrell v. Currey*, 407 F.Supp.2d 1280, 1289 (M.D.Ala. 2005). Indeed, *Ye* does not consider issues of subject matter jurisdiction at all. The case was brought in federal court as a diversity suit, and the question of FAAAA preemption did not bear on the court's jurisdiction. *Id*. at 456. Arrive's contention that its preemption argument supports federal subject matter jurisdiction over the Tirvas' claims is without merit. Of course nothing prevents Arrive from fully presenting the argument that *Ye* shields them from liability on the Tirvas' claims under state law. But any such argument will have to be presented to the state court because, for the reasons I have stated, I do not have jurisdiction to consider it.

## Conclusion

The procedural tangle of these consolidated cases has taken me a few pages to unwind and explain, but my jurisdictional analysis can be summarized fairly readily. The record does not support the existence of complete diversity as between all the Tirva plaintiffs and all the defendants named in their original (and still operative) complaint. So this court cannot exercise diversity jurisdiction over the Tirvas' claims. Defendant Arrive's argument for the existence of federal question jurisdiction over the Tirvas' claims against it is without merit, because the FAAAA preemption Arrive invokes is "express" preemption, which is merely a defense against state law claims and does not

11

create federal subject matter jurisdiction. Because I conclude that the case was not properly removed to federal court in the first place, the remand will be to the Illinois state court where it originated. *See* 28 U.S.C. §1447(c) and (d).

ACCORDINGLY:

The consolidation of ***Donna Tirva, etc., et al. v. Hilton Spencerport Express, Inc., et al.*, 3:23CV483**, with and into ***Kallas v. Thompson, et al.*, 3:22CV838** is VACATED, and the ***Tirva* case, 3:23CV483**, is REMANDED to the Circuit Court of Cook County, Illinois, where it previously pended as Case No. 2023L001159.

The Clerk shall docket this opinion in the record of both cases.

SO ORDERED.

ENTERED: September 19, 2023.  /s/ Philip P. Simon
UNITED STATES DISTRICT JUDGE